NESBITT, J.
A bondholder appeals the summary judgment denying its claim against a payment bond. We affirm the order under review.
Bondholder Midtown Enterprises Inc. filed a two count complaint against contractor, Local Contractors Incorporated (LCI), and insurance company, Gulf Insurance Company (Gulf). Count I alleged breach of contract against LCI. Count II alleged the breach of a section 713.23 payment bond against principal, LCI, and surety, Gulf, for nonpayment of sums due for electrical work performed pursuant to a subcontract agreement between Midtown and LCI. See § 713.23 Fla. Stat. (1997). In January, 1999, LCI and Gulf filed a motion seeking a partial summary judgment on Count II of Midtown’s complaint, arguing that Midtown had failed to fulfill the conditions precedent to perfecting a claim under section 713.23.
LCI and Gulf maintained that Midtown had failed to furnish a notice of nonpayment to LCI and that the notices sent to Gulf were not in conformance with the statutory form. Thus, while admitting some form of notice, the principal and surety denied receipt of statutory notice. Midtown asserted that its letter to the City of Miami with a copy to Gulf dated July 11, 1995 was the functional equivalent of a Notice of Nonpayment. Midtown further pointed to its correspondence of June 19,1995 to LCI and its letter of August 21, 1995 to Midwest Indemnity Corporation as also being the functional equivalents of notices of nonpayment.
The trial court considered the letter of July 11, 1995, and agreed with the principal and surety that Midtown’s notice of nonpayment was not in conformance with statutory requirements. The court granted summary judgment in the principal and surety’s favor, denying Midtown’s claim against the performance bond. We conclude that the trial court’s analysis was entirely correct.
Section 713.23(l)(d) provides in part: a lienor is required, as a condition precedent to recovery under the bond, to serve a written notice of nonpayment to the contractor and the surety not later than 90 days after the final furnishing of labor, services, or materials by the lienor. A written notice satisfies this condition precedent with respect to the payment described in the notice of nonpayment and with respect to any other payments which become due to the lien- or after the date of the notice of nonpayment. The time period for serving a written notice of nonpayment shall be measured from the last day of furnishing labor, services, or materials by the lienor and shall not be measured by other standards, such as the issuance of a certificate of occupancy or the issuance of a certificate of substantial completion. The failure of a lienor to receive retainage sums not in excess of 10 percent of the value of labor, services, or materials furnished by the lienor is not considered a nonpayment requiring the service of the notice provided under this paragraph. The notice under this paragraph may be in substantially the following form:
NOTICE OF NONPAYMENT
To ... (name of contractor and address)
... (name of surety and address) ...
The undersigned notifies you that he or she has furnished ... (describe labor, *685 services, or materials) ... for the improvement of the real property, identified as ... (property description).... The amount now due and unpaid is $....
... (signature and address of lienor)
Thus, the substance of the notice form must contain certain basic information. Even if this information was otherwise available, this is not enough. The letter of July 11, 1995, as reproduced below, see appendix, was the only correspondence which arguably could be considered to meet the requirements of section 713.23(l)(d).
However Midtown never claimed the July 11th letter was served on LCI or Gulf. The letter failed to describe the property. No city or street address, nor a legal address, was given. The reason for including at least the city and street address is so that the surety can send a representative to the job cite to see that the claimed labor and materials have been performed. Additionally, the correspondence failed to describe the labor, services or materials allegedly improving the property, as required under the statute. Non-compliance with this requirement would likewise inhibit a surety’s ability to confirm the claim being made. Under the section at issue, the nature and extent of the actual knowledge of the surety as to the matter is immaterial to whether statutory requirements have been met.
The principal and surety are not required to be placed in the position of detectives and the statute does not require a surety to piece together various correspondence to' get the information required. Moreover, the other correspondence referred to also failed to give this information. As the trial court concluded when addressing the parties, “[i]t should be easy for somebody to look at it [a notice of nonpayment] and know what it is.” Here, there simply was not the substantial compliance with section 713.23 that was a condition precedent to a statutory claim. Furthermore, no statutory provision excused a failure to comply by considering the absence of a proven adverse effect.[1]
Accordingly, while Midtown retains its breach of contract action, we conclude as did the trial court, that Midtown sacrificed its statutory claim by its own failure to follow the conditions precedent to recovery under the payment bond statute. Therefore, the order under review is affirmed.
Appendix
Midwest Indemnity Corporation, _550 West Touhy Avenue, Suite 400 Skokie, Illinois 60077-3200
Tel: (708) 982-9800 Fax: (708) 982-9816
MIDTOWN ENTERPRISES, INC.
ELECTRICAL CONTRACTORS
7527-A WEST 24TH AVENUE HIALEAH, FLORIDA 33016
(305) 828-4833
July 11,1995
Gulf Insurance Company
5550 W. Touhy Avenue
Suite 400
Skokie IL 60077-3200
Attn: Surety Administration
Re: Local Contractors, Inc.-East Little Havana Townhouses
Subject: Delinquent Subcontractor Payments — Subsequent Three Day Notice.
Sir:
*686 This letter is to serve notice to your office that Local Contractors, Inc., the Prime Contractors for the above mentioned project, have been delinquent and unresponsive to the major portion of our requisitions for payment regarding the electrical scope of work.
Due to this ongoing situation, we have been forced to provide a Three (3) Day Notice to Cease Operations and have not performed installations since June 26, 1995. We cannot proceed with operations until such time as we receive payment for the requisitions and amounts described as the following:
Date Amount
Billed Amount Paid Balance Due
4/25/95 17,280.00 -0- 17,280.00
5/30/95 8,298.00 -0- 8,298.00
6/23/95 8,172.00 -0- 8,172.00
Retention 5,630.50 -0- 5,630.50
Total 39,380.50 -0- 39,380.50
Be advised that we have elected to act in this manner due to the fact that we are experiencing extreme difficulty in rectifying this situation. The refusal of any responsible representative of Local Contractors to communicate with our firm or to provide payment is of great concern.
Any attempt, by Local Contractors, to replace Midtown Enterprises as the electrical subcontractor on this project will be construed as an attempt to relinquish all responsibility for payment an will be met with an immediate filing of lien against the property and subsequent legal action seeking amounts due.
Your prudent and professional assistance regarding this situation, will be greatly appreciated.
Respectfully,
Fred Woodward. P.M.
Midtown Enterprises, Inc.
Cc: Gulf Insurance Company

. In Stresscon v. Madiedo, 581 So.2d 158, 160 (Fla.1991), when concluding a lienor was required to comply with owner’s request for written statement within 30 days, the court observed:
The fact that no prejudice has been nor can be shown is not the determining factor in this case; nor is it significant that Stresscon substantially complied with the mechanics' lien law. The courts have permitted substantial compliance or adverse effect to be considered in determining the validity of a lien when there are specific statutory exceptions which permit their consideration.