787 So.2d 241 (2001)
TENET HEALTHCARE CORPORATION, FMC Hospital, Ltd. d/b/a Florida Medical Center, Bone Marrow/Stem Cell Transplant Institute, Ltd. f/k/a Bone Marrow/Stem Cell Transplant Institute of Florida Ltd., and Bone Marrow/Stem Cell Transplant Institute of Florida, Inc., f/k/a Bone Marrow/Stem Cell Institute of Florida, Inc., Appellants,
v.
Dipnarine MAHARAJ M.D. and Stem Cell, Inc., a Florida corporation, Appellees.
No. 4D00-2388.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Allan J. Sullivan, David R. Chase and Elizabeth A. Heise of Sullivan & Rivero, P.A., Miami, for appellants.
James W. Beasley, Jr. and Robert J. Hauser of Beasley, Leacock & Hauser, P.A., West Palm Beach, for appellees.
PER CURIAM.
Tenet Healthcare Corporation ("Tenet"), FMC Hospital, Ltd. ("Hospital"), Bone *242 Marrow/Stem Cell Transplant Institute, Ltd. ("Transplant Institute"), and Bone Marrow/Stem Cell Transplant Institute of Florida, Inc. timely appeal from a non-final order denying their motion to stay the action below and compel arbitration. We reverse.
The instant action arose after the appellees terminated Dr. Dipnarine Maharaj as Medical Director of the Transplant Institute. Dr. Maharaj and his corporation, Stem Cell, Inc., which founded the Transplant Institute, sued appellees, alleging several counts, including breach of contract. The breach of contract dispute centered on a limited partnership agreement entered into by Stem Cell and the Transplant Institute, which became a wholly owned subsidiary of Tenet. The limited partnership agreement also incorporated a physician employment agreement entered into by Dr. Maharaj and Bone Marrow/Stem Cell Transplant Institute of Florida, Inc. ("General Partner"), the General Partner of the Transplant Institute, which later became Tenet's subsidiary as well. Both agreements contained arbitration clauses. The employment agreement provided:
The parties firmly desire to resolve all disputes without resort to litigation in order to protect their respective business reputations and the confidential nature of Program operations. Accordingly, and except as otherwise provided herein, any controversy or claim arising out of or in connection with this Agreement, or the alleged breach thereof, shall be settled by arbitration....
The limited partnership agreement provided:
All disputes between the parties arising under this Agreement shall be resolved through binding arbitration....
The agreements also provided for interim injunctive or other similar relief:
Notwithstanding anything to the contrary contained herein, if, due to a breach or threatened breach or default, a party is suffering irreparable harm for which monetary damages are inadequate, such party may petition a court of competent jurisdiction ... for injunctive relief, specific performance or equitable relief....
Dr. Maharaj later amended his complaint to delete the count alleging breach of the limited partnership agreement. The amended complaint, however, still alleged that the Hospital breached its bylaws in revoking the doctor's privileges without a prior hearing; that all the appellees tortiously interfered with the doctor's business relationships by wrongfully appropriating his medical practice; that the General Partner breached its fiduciary duty to Dr. Maharaj "by virtue of the limited partnership arrangement among them;" and that the appellees fraudulently transferred the Transplant Institute's partnership assets.
The appellees moved to dismiss the amended complaint, or alternatively, to stay the action and compel arbitration. The court summarily denied the motions. This appeal followed.
In Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), the supreme court explained that the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause. As Justice Anstead opined,
After analyzing the governing principles surrounding the determination of whether a particular claim is subject to arbitration, and keeping in mind the general policy favoring arbitration, we believe it is fair to presume that not every dispute that arises between contracting parties should be subject to arbitration. As the *243 prevailing case law illustrates, even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.
Disputes arise in many and varied contexts and the mere coincidence that the parties in dispute have a contractual relationship will ordinarily not be enough to mandate arbitration of the dispute. In other words, the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one "arising out of or relating to" the agreement.
Id. at 638. The court in Seifert approved our decision in Terminix International Co. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996) in which we held that the tort claims did not arise out of or relate to the "interpretation, performance, or breach of any provision of this agreement" and, therefore, such claims were not subject to the contract's arbitration provision.
Here, the arbitration agreements did contemplate the claims alleged by the respective parties. The allegations in Dr. Maharaj's complaint implicate the various obligations allegedly owed by the appellees "by virtue of the limited partnership arrangement" among them. In other words, the agreement placed them in a unique relationship that created duties not otherwise imposed by law, such that there was a sufficient nexus between the dispute and the agreement as contemplated by Seifert. Interpreting the arbitration clauses broadly as we must, see Ocwen Fin. Corp. v. Holman, 769 So.2d 481, 483 (Fla. 4th DCA 2000), we hold the dispute is arbitrable.
In reaching our conclusion, we necessarily reject Dr. Maharaj's argument that the arbitration clause does not reach Tenet and the Hospital. While these entities were not signatories to the two agreements, we hold they were "parties" within the meaning of the arbitration clauses. As was the case in Holman, they "received rights and accepted obligations" under the agreements. Id. They were entitled to the protection of the arbitration clause not only because the claims against them arose solely in connection with their activities as officers and directors of the Transplant Institute, but also because the claims against them arose from the same set of operative facts as those claims against the Transplant Institute and the General Partner. See id. Because the arbitration clauses in this case are expansive provisions, encompassing "any controversy or claim arising out of or in connection with this Agreement, or the alleged breach thereof," and because the factual allegations in the complaint relied on the contract between the parties, we resolve the issue in favor of arbitration. See id.
REVERSED and REMANDED for entry of an order submitting this dispute to arbitration.
DELL, GROSS, and TAYLOR, JJ., concur.