STONE, J.
Gita Shetty appeals an order denying her motion to compel arbitration. We reverse.
Initially, Anne Lewis, M.D. filed a complaint against Dr. Sunderam K. Shetty and his wife, Gita Shetty. Dr. Lewis filed the suits individually and on behalf of Palm Beach Radiation Oncology Associates (PBRO), of which she was a shareholder. Mrs. Shetty handled the billing for PBRO. The complaint alleged that Dr. and Mrs. Shetty conspired to defraud, aided and abetted fraud, conspired to breach fiduciary duty, and were unjustly enriched by misusing and misappropriating funds and engaging in improper billing practices.
Mrs. Shetty moved to compel arbitration based upon an arbitration clause in the PBRO shareholder agreement, to which Dr. Shetty was a party, that provided:
Any controversy or claim arising out of or relating to this Agreement, other than if injunctive relief sought hereunder, or to the interpretation, breach or enforcement thereof, shall be submitted to three (3) arbitrators, and settled by arbitration....
Thereafter, however, Lewis dropped Mrs. Shetty as a defendant. Meanwhile, Dr. Shetty’s motion to compel arbitration pursuant to the shareholder agreement was granted, and the arbitration went forward in that case.
Subsequently, Lewis filed another complaint against Mrs. Shetty, including counts for conversion and breach of fiduciary duty, based upon allegations that Mrs. Shetty had diverted monies collected from PBRO’s billings to herself.
Mrs. Shetty again moved to compel arbitration, asserting that the claims in the new complaint were based upon the same facts and circumstances as the pending arbitration in the original action. At the hearing on the motion to compel arbitration, the trial court recognized that the accounting that was ordered and was now being done in the arbitration proceeding would provide the answers as to whether Mrs. Shetty had taken unauthorized funds from PBRO; if so, how much was taken, and how those funds were applied. Additionally, the court stated, “What I’m hearing and what I’m seeing from the pleadings is that there’s going to be a lot of overlap, not only discovery, but what’s going to be — what could easily result in inconsistent ruling by the two different entities; meaning myself and the arbitrators on the same issues.”
Notwithstanding the trial court’s recognition of the evidentiary overlap, it entered an order denying Mrs. Shetty’s motion to compel arbitration,- while at the same time acknowledging that there would be only one accounting done as to PBRO accounts, and that accounting would be done in the arbitration proceeding. The accounting would include evidence of claims against Mrs. Shetty and essentially determine Mrs. Shetty’s bookkeeping practices.
The standard of review for denial of a motion to compel arbitration is de novo. King Motor Co. of Ft. Lauderdale v. Jones, 901 So.2d 1017, 1018 (Fla. 4th DCA 2005).
PBRO argues that Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), is controlling. In Seifert, the court recognized that there are three elements to consider in determining whether to compel arbitration: (1) whether a valid arbitration provision exists, (2) whether there is an arbitrable issue, and (3) whether the right to arbitrate has been waived. Id. at 636. *1235 “[T]he determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.” Id. at 638.
The Seifert court concluded that the contract, there, referred only to the sale and purchase of a home and that there was no indication in the contract that either party intended a tort such as the one at issue would come under the purview of the purchase contract. Id. at 641. Additionally, in King Motor Co., 901 So.2d at 1018-20, we held that an arbitration clause in an automobile sales contract did not encompass an alleged theft of the purchaser’s identity by the seller of the car; consequently, we found no nexus upon which the buyer of the car could compel arbitration for the theft claim.
There are, however, circumstances in which a non-signatory’s right to compel arbitration has been recognized. In Tenet Healthcare Corp. v. Maharaj, 787 So.2d 241, 243 (Fla. 4th DCA 2001), we held that non-signatories could compel arbitration because the claims against the non-signatories arose due to their activities as officers and directors, and the claims against them arose from the same set of operative facts as were involved in the claims against the signatories.
Although concerted conduct is not alleged in the new complaint, we note that a non-signatory may also compel arbitration by invoking the equitable estoppel doctrine. Armas v. Prudential Sec., Inc., 842 So.2d 210, 212 (Fla. 3d DCA 2003). “Equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of concerted conduct by both the non-signatory and one of more of the signatories to the contract.” Id. (citing MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir.1999)).
It is apparent, here, that the claims in the new complaint essentially arose out of the same operative facts as many of the claims currently in arbitration. Both are predicated upon the same allegations and necessarily involve factual determinations as to whether Mrs. Shetty was paid excessively for her services and had engaged in improper billing practices.
The trial court apparently recognized that the cases were inextricably linked by stating that the accounting in the arbitration would apply to this case. This order came on the heels of PBRO’s attorney telling the court the one accounting would encompass Mrs. Shetty’s billing services as “you can’t distinguish the two.” The nexus is clear, as Mrs. Shetty’s liability, if any, will be based, at least in part, upon the same facts regarding improper billing practices alleged in both complaints.
We note that Mrs. Shetty also maintains that the denial of her motion to compel arbitration violates due process, as the language in the court’s order effectively provides that there be one accounting done in the arbitration that would bind Mrs. Shetty without her participation.[1] The order cut off her rights of notice and opportunity to participate as a party as to a crucial determination in the claims against her. We need not address this issue further, however, as it is moot.
*1236 We remand for further proceedings consistent with this opinion.
GROSS and HAZOURI, JJ., concur.

. At the hearing on the motion to compel, the trial judge said, "So then somebody can just communicate to the arbitrators it’s the intent of this court that there will be one [accounting] and that I’m not referring the accounting to them, but if, in fact, they need it referred in order for them to say, you know, do a thorough one, I’ll be glad to do it at that time. So it [the new complaint] stays here technically, but with one accounting being done.”