952 So.2d 605 (2007)
Oscar MORALES, James Esserman & Rafael Perez MD, LLC and VitalMD Group Holding, LLC, Appellants,
v.
Rafael J. PEREZ, M.D., Appellee.
No. 3D06-2588.
District Court of Appeal of Florida, Third District.
March 28, 2007.
*606 Shutts & Bowen and Jonathan Cohen and Anaysa Gallardo, Miami, for appellants.
Zumpano Patricios & Winker and Leon N. Patricios, Miami, and Sarah E. Goldmann, for appellee.
Before RAMIREZ, WELLS, and CORTIÑAS, JJ.
CORTIÑAS, Judge.
The defendants, (1) Oscar Morales, James Esserman & Rafael Perez MD, LLC ("MEP LLC") and (2) VitalMD Group Holding, LLC ("VitalMD"), appeal a non-final order denying their motion to compel arbitration and to stay or abate the proceedings. We reverse.
The plaintiff, Dr. Rafael Perez ("Dr. Perez"), is an obstetrician/gynecologist practicing in Miami, Florida. He was also a member and owner of VitalMD, which *607 serves as a medical group practice holding company. Dr. Perez signed the VitalMD operating agreement (the "Operating Agreement"), which contained a provision that "any dispute under this Agreement" shall be resolved by arbitration.
VitalMD is the owner of numerous ob/gyn care centers in South Florida, including MEP LLC, Phillips LLC, and Rafael Perez, M.D., LLC ("Perez LLC"). Dr. Perez served as an employee at Phillips LLC from August 2000 to December 2004. He signed an employment agreement with Phillips LLC (the "Phillips LLC Employment Agreement"), which also contained a binding arbitration provision. Subsequently, Dr. Perez was employed by MEP LLC from January 2005 to April 2005 and then worked as an employee at Perez LLC from August 2005 to June 2006. It is undisputed that Dr. Perez did not sign an employment agreement with either MEP LLC or Perez LLC, and worked under an oral employment agreement at both companies.
Pursuant to section 12.6 of the Operating Agreement, VitalMD assessed an administrative penalty of $16,000 against Perez LLC for Dr. Perez's failure to sign the employment agreement with Perez LLC.[1] VitalMD's penalty against Perez LLC effectively reduced the amount of available funds for compensating Dr. Perez. Consequently, Dr. Perez resigned from Perez LLC and filed a complaint against the defendants. At the same time Dr. Perez filed the complaint, he also filed a separate demand for arbitration against Phillips LLC. Notably, most of Dr. Perez's claims in the demand for arbitration are identical to the claims in the complaint against the defendants. Presently, the Phillips LLC arbitration is proceeding forward.
Dr. Perez attached as exhibits to the complaint a copy of the unsigned "MEP LLC Employment Agreement" and an accompanying "Employment Compensation Exhibit," which sets forth the methodology to compensate employed physicians. Specifically, Dr. Perez alleged four counts in the complaint. Count I seeks a declaratory judgment against VitalMD that VitalMD's failure to require MEP LLC to compensate Dr. Perez pursuant to the oral employment agreement violated 42 U.S.C. § 1395nn (the "Stark Law") and Florida's Patient Self-Referral Act (the "Self-Referral Act"), section 456.053, Florida Statutes (2002). Count I also alleges that the $16,000 penalty assessed against Perez LLC by VitalMD violated these statutes. Count II seeks a declaratory judgment against MEP LLC that MEP LLC's failure to compensate Dr. Perez violated the Stark Law and the Self-Referral Act. Count III asserts claims against MEP LLC for breach of the oral employment contract. Count IV asserts claims against MEP LLC for unpaid wages. The defendants filed a motion to compel arbitration and stay or abate the proceedings, which the trial court denied.
We review an order denying a motion to compel arbitration de novo. Briceno v. Sprint Spectrum, L.P., 911 So.2d 176, 179 (Fla. 3d DCA 2005) (citing Tropical Ford, Inc. v. Major, 882 So.2d 476, 478 (Fla. 5th DCA 2004)). In ruling on a motion to compel arbitration, we are mindful of the policy favoring arbitration and recognize that any doubts concerning the scope of arbitration should be resolved in favor of arbitration. Prudential Secs., Inc. v. Katz, 807 So.2d 173, 174 (Fla. 3d *608 DCA 2002) (citing Ronbeck Const. Co. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992)).
We must address three issues in ruling on the defendants' motion to compel arbitration. First, we must determine whether the parties agreed to arbitrate Dr. Perez's declaratory judgment claims against VitalMD for violations of the Stark Law and the Self-Referral Act. Second, we must determine whether MEP LLC may compel Dr. Perez to arbitrate the declaratory judgment, breach of oral contract, and unpaid wages claims in the complaint. Lastly, we must determine whether the instant action, if not subject to arbitration, should be stayed pending the outcome of the Phillips LLC arbitration proceeding.

Claims Against VitalMD
The Florida Supreme Court has held that, "even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." Seifert v. U.S. Home Corp., 750 So.2d 633, 638 (Fla. 1999) (emphasis added) (finding that a wrongful death claim for an allegedly defective air conditioning system that distributed carbon monoxide emissions from the garage into a home was not covered by the arbitration clause in the sales contract). We expressly disagree with Dr. Perez's contention that the "nexus test" only applies to broad arbitration provisions. It is evident from the language in Seifert that it did not reject the "nexus test" for narrow arbitration clauses but, instead, found that the "nexus test" applies to both narrow and broad arbitration provisions. Additionally, the Seifert court held that a dispute is subject to arbitration when, at a minimum, the resolution of the issue requires a reference to or construction of a portion of the contract. Id. at 639.
Here, Dr. Perez and VitalMD agreed to submit to arbitration "any dispute under [the Operating] Agreement." Count I for declaratory relief against VitalMD for violations of the Stark law and the Self-Referral Act is a dispute concerning the practices and legality of VitalMD's operations. Ultimately, resolution of this dispute will determine Dr. Perez's rights under the Operating Agreement and potentially expose him to liability as a member/shareholder of VitalMD. Furthermore, Dr. Perez's claim that the $16,000 penalty fee imposed by VitalMD was "illegal" raises an issue which requires an interpretation of section 12.6 of the Operating Agreement. Clearly, there is "some nexus" between Dr. Perez's declaratory judgment claims against VitalMD and the Operating Agreement, and the resolution of his claims requires a reference to or construction of some portion of the Operating Agreement. Therefore, we find that Count I of the complaint should be resolved by arbitration.

Claims Against MEP LLC
Florida courts have recognized circumstances in which a non-signatory may compel a signatory to arbitration. See, e.g., Waterhouse Constr. Group, Inc. v. 5891 SW 64th Street LLC, 949 So.2d 1095 (Fla. 3d DCA 2007) (holding that nonsignatories may compel arbitration based on agency principles); Armas v. Prudential Secs., Inc., 842 So.2d 210 (Fla. 3d DCA 2003) (holding that a non-signatory may compel arbitration based on principles of equitable estoppel); Shetty v. Palm Beach Radiation Oncology Assocs.-Sunderam K. Shetty, M.D., 915 So.2d 1233 (Fla. 4th DCA 2005) (holding that non-signatories may compel arbitration based on principles of equitable estoppel); Koechli v. BIP Intern., Inc., 870 So.2d 940 (Fla. 1st DCA *609 2004) (holding that non-signatories may compel arbitration based on agency principles); Tenet Healthcare Corp. v. Maharaj, 787 So.2d 241 (Fla. 4th DCA 2001) (holding that non-signatories may compel arbitration based on agency principles). In Shetty, the Fourth District reversed the trial court's order denying arbitration because the claims pending in the plaintiff's complaint arose out of the "same operative facts" and were "inextricably linked" to the pending arbitration claims. Shetty, 915 So.2d at 1235. Like the instant case, the plaintiff in Shetty was compelled to arbitrate pursuant to an arbitration agreement. Id. at 1234. However, the plaintiff also filed a lawsuit against a non-signatory to the arbitration agreement. Id. Although the trial court recognized that there would be significant overlap in discovery and potentially inconsistent rulings, the trial court denied the defendant's motion to compel arbitration. Id. In reversing the trial court, the Fourth District's decision was based on its finding that the plaintiff's claims for misappropriation of funds and improper billing practices were "predicated upon the same allegations and necessarily involve the same factual determinations" as the claims subject to arbitration. Id. at 1235.
Here, MEP LLC, a non-signatory to the Operating Agreement, may compel arbitration of Dr. Perez's declaratory judgment claim. Dr. Perez seeks declaratory relief, alleging that MEP LLC's failure to compensate him violated the Stark Law and the Self-Referral Act. Undoubtedly, the declaratory judgment claim against MEP LLC will be based on the "same operative facts" and is "inextricably linked" to the declaratory judgment claim against VitalMD which, as stated above, is subject to arbitration. Moreover, submitting this claim to arbitration avoids the possibility of inconsistent rulings by the trial court and the arbitrator. Thus, we find count II should be resolved by arbitration.
We also find that counts III and IV of the complaint are subject to arbitration. Although Dr. Perez never signed the MEP LLC Employment Agreement, he is seeking to enforce paragraph 4.1 of said agreement,[2] which provides that the "Company agrees to pay Employee[s] as set forth in the Employment Compensation Exhibit." Furthermore, the MEP LLC Employment Agreement and the MEP Employment Compensation Exhibit are identical to the Phillips LLC Employment Agreement and the Phillips LLC Employment Compensation Exhibit. Dr. Perez's claims for breach of contract and unpaid wages against MEP LLC are also virtually identical to the claims against Phillips LLC. Therefore, resolution of Dr. Perez's breach of contract and unpaid wages claims in the complaint necessarily involve the same factual determinations as many of the pending Phillips LLC arbitration claims.[3] Because both cases require virtually identical factual determinations, the potential for overlap and inconsistent rulings from two different entities is significant. Based on the foregoing reasons, we find that MEP *610 LLC may compel Dr. Perez to arbitrate counts III and IV of the complaint.
Because all of Dr. Perez's claims against VitalMD and MEP LLC should be resolved by arbitration, we need not determine whether the instant lawsuit should be stayed pending the outcome of the Phillips LLC arbitration. Accordingly, we reverse and remand with instructions to grant the defendants' motion to compel arbitration.
Reversed and remanded.
NOTES
[1] Section 12.6 of the Operating Agreement provides for administrative sanctions of up to $500 per day for failure of a member or principal physician to cooperate in the production of documents or completion of applications and agreements.
[2] Dr. Perez is attempting to avoid the arbitration provision of the MEP LLC Employment Agreement by arguing that he only had an oral contract with MEP LLC, while simultaneously seeking to enforce certain provisions purportedly in his favor.
[3] We are mindful of Dr. Perez's contention that the cases are not inextricably linked because a separate accounting is necessary to resolve the Phillips LLC and MEP LLC disputes; however, we find that the need for two accountings is not dispositive. Cf. Shetty, 915 So.2d at 1235 (where the Fourth District noted that the pending arbitration proceeding was inextricably linked to the lawsuit because there was a need for one accounting to resolve both disputes).