SCHWARTZ, Senior Judge
(dissenting in part).
Of the two contractual arrangements involved in this case, I disagree that that the set of disputes arising from the first one is not arbitrable. While the arbitration clause is rendered somewhat uncertain by an apparently contrary provision, I think that the ambiguity should be resolved in accordance with the usual rule that favors arbitration. See BallenIsles Country Club, Inc. v. Dexter Realty, 24 So.3d 649, 652 (Fla. 4th DCA 2009) (“Arbitration is a preferred method of dispute resolution, so any doubt regarding the scope of an arbitration clause should be resolved in favor of arbitration.”); Morales v. Perez, 952 So.2d 605, 607 (Fla. 3d DCA 2007) (“[W]e are mindful of the policy favoring arbitration and recognize that any doubts concerning the scope of arbitration should be resolved in favor of arbitration.”); Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1108 (Fla. 3d DCA 1995) (“[A]rbitration clauses like this are to be given the broadest possible interpretation to accomplish the salutary purpose of resolving controversies out of court.”); see also Land O’Sun Realty Ltd. v. REWJB Gas Invs., 685 So.2d 870, 872 (Fla. 3d DCA 1996) (concluding trial court properly resolved conflicting contract terms). Moreover, the fact that the agreement, which was otherwise fully performed and which was even sued upon, by the appellee, was not formally signed by the other side, is no bar to that relief. See Kolsky v. Jackson Square, LLC, 28 So.3d 965 (Fla. 3d DCA 2010).
The second arrangement involves no arbitration clause and is not “interrelated” to the first. Compare Ceradini v. IGT Servs., Inc., 959 So.2d 348, 351 (Fla. 3d DCA 2007). Therefore, I agree' that, as to that set of controversies, arbitration was properly denied.