STEVENSON, J.
Appellant Arthur Heller, defendant below, appeals a non-final order denying his motion to compel arbitration in favor of Appellee Blue Aerospace, LLC (“Team Blue”), plaintiff below. We reverse, finding that Team Blue is equitably estopped from refusing to arbitrate the fraud claims against Heller which are at issue in this case.
Heller is the sole member and only employee of non-party Zell Global, LLC (“Zell”). Zell entered into a contract with Team Blue to render financial consulting services in connection with the potential sale of Team Blue’s assets or equity. Team Blue ultimately sold the majority of its assets but refused to pay Zell fees under the contract.
The contract contained a narrow arbitration provision where the parties agreed to “submit all disputes, controversies and claims arising under this Agreement to binding arbitration.” See Jackson v. Shakespeare Found., Inc., 108 So.3d 587, 593 (Fla.2013) (“An arbitration provision that is considered to be narrow in scope typically requires arbitration for claims or controversies ‘arising out of the subject contract.”). Accordingly, Zell commenced an arbitration seeking damages against Team Blue. Team Blue defended the arbitration by alleging that Heller “wrongfully induced Team Blue to enter into the [contract] by misrepresenting, among other things, himself and his company as licensed business brokers.” In addition, Team Blue counterclaimed against Zell in arbitration for fraud in the inducement, negligent misrepresentation, unjust enrichment, and declaratory relief based on allegations that Zell misrepresented itself as a business broker. The counterclaim further alleged that Heller’s fraudulent misrepresentations induced Team Blue to engage Zell as a broker for the sale of Team Blue’s business.
Subsequently, Team Blue filed this underlying action in the circuit court against Heller individually. In its sole count for fraud, Team Blue alleged Heller willfully and knowingly misrepresented his contacts with potential investors “to induce Team Blue to retain Heller and his company, Zell Global, as a licensed business broker.” Heller moved to compel arbitration of the fraudulent inducement claim based on the arbitration provision in the contract between Zell and Team Blue. The trial court denied the motion, stating that the fraudulent inducement claim was not an arbitra-ble issue because “the express language of the arbitration clause clearly indicates that arbitration is limited to contractual claims.” We reverse.
A trial court’s construction of an arbitration provision and denial of a motion to compel arbitration are reviewed de novo. See BDO Seidman, LLP v. Bee, 970 So.2d 869, 874 (Fla. 4th DCA 2007). “[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether *637 a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Seifert v. U.S. Home Corp., 750 So.2d 683, 636 (Fla.1999) (citing Terminix Int’l Co. v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997)). As in Seifert, the issue boils down to whether Team Blue’s sole count for fraud is subject to arbitration. See id. at 636 n. 2.
Generally, the courts have recognized that a non-signatory may compel a signatory to arbitration under the theory of equitable estoppel or upon principles of agency. See Shetty v. Palm Beach Radiation Oncology Assocs.-Sunderam K. Shetty, M.D., P.A., 915 So.2d 1233, 1235 (Fla. 4th DCA 2005) (holding that non-signatories may compel arbitration based on principles of equitable estoppel); Armas v. Prudential Sec., Inc., 842 So.2d 210, 212 (Fla. 3d DCA 2003) (compelling arbitration with non-signatory based on equitable estoppel); see also Koechli v. BIP Int’l, Inc., 870 So.2d 940, 945-46 (Fla. 1st DCA 2004) (compelling arbitration with non-signatories on agency principles); Tenet Healthcare Corp. v. Maharaj, 787 So.2d 241, 243 (Fla. 4th DCA 2001) (holding that non-signatories may compel arbitration based on agency principles). A non-signatory such as Heller may compel arbitration under the doctrine of equitable estoppel “ ‘when the signatory to the contract containing the arbitration clause raises allegations of concerted conduct by both the non-signatory and one or more of the signatories to the contract.’ ” Shetty, 915 So.2d at 1235 (quoting Armas, 842 So.2d at 212).
Here, we find that Team Blue’s conduct in arbitration renders its fraud claim against Heller subject to arbitration by both equitable estoppel and principles of agency. Team Blue alleges the same core facts in its fraud claim and fraudulent inducement arbitration counterclaim that it does in its complaint: that Heller, acting on behalf of Zell, wrongfully induced Team Blue to enter the contract with Zell. “It is apparent, here, that the claims in the new complaint essentially arose out of the same operative facts as many of the claims currently in arbitration. Both are predicated upon the same allegations and necessarily involve factual determinations” as to whether Heller misrepresented Zell as a licensed business broker. Id. We need not reach Team Blue’s argument that the fraudulent inducement claim is not arbitra-ble under the “narrow” arbitration clause at issue in the instant case. At Team Blue’s own insistence, Team Blue’s counterclaim against Zell, which is virtually identical to its fraud claim against Heller, is already pending in the arbitration proceeding. Here, Team Blue is equitably estopped by its own conduct from denying Heller the opportunity to have the fraud cause of action against him individually considered in the arbitration proceeding involving Zell. Team Blue inconsistently seeks to arbitrate its claims against the arbitration agreement signatory principal, and litigate in court its claims against the non-signatory agent, on essentially the same allegations and operative facts. The trial court’s order denying Heller’s motion to compel arbitration is reversed.

Reversed.

CIKLIN and GERBER, JJ., concur.