DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ATLANTIC WEALTH PARTNERS, LLC** and **STEPHEN T. OLSON,**
Appellants,

v.

**GREGGORY W. BRANT,**
Appellee.

No. 4D2024-3198

[July 16, 2025]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 50-2024-004646-XXXA-MB (AN).

Robert J. Hauser of Sniffen & Spellman, P.A., West Palm Beach, for appellants.

John H. Pelzer of Greenspoon Marder, LLP, Fort Lauderdale, for appellee.

MAY, J.

Arbitration, waiver, and an opportunity to be heard are the issues in this appeal from a nonfinal order denying a motion to compel arbitration. Atlantic Wealth Partners, LLC (AWP) and Stephen T. Olson (Olson) argue the trial court erred in denying their motion to compel arbitration and stay a related American Arbitration Association (AAA) proceeding. We agree and reverse.

- ***The Facts***

AWP is a SEC-registered investment advisor; Olson owns AWP. AWP hired Greggory W. Brant, who signed a non-compete agreement that contained an arbitration clause.[1] The agreement also contained a provision that permitted claims for injunctive relief to be filed in court.

---

[1] Paragraph 13(a) of the Agreement provides:

> Arbitration. Except as provided in subsection (b) below, I agree that any dispute, claim or controversy concerning my employment or the termination of my employment or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Palm

AWP filed a complaint in circuit court for injunctive relief against the former five-year employee Brant, alleging breach of the non-compete agreement. AWP alleged Brant solicited AWP customers and transferred significant assets under management to his control. AWP sought a temporary restraining order and preliminary injunction to prevent Brant from competing and soliciting clients in specific counties.

AWP asserted the noncompete agreement included language requiring disputes related to employment or termination to be settled by arbitration, except for seeking an injunction in court.

> Equitable Remedies. I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Sections 2, 3, 5, 7, 8, 9 and 10 herein. Accordingly, I agree that if I breach any of such sections, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement. . . .

Within the complaint, AWP alleged it would imminently commence arbitration against Brant, which it did about a week later.

Brant filed an answer, affirmative defenses, and a counterclaim seeking a declaratory judgment that the non-compete agreement was unenforceable as unreasonable in time, area, and line of business. Brant alleged AWP and Olson created an intolerable and hostile work environment amounting to a constructive discharge. Brant also moved to stay AWP's arbitration, noting he did not agree to certain AAA rules.

The following day AWP moved to compel arbitration of Brant's counterclaim. It alleged the parties had a valid and enforceable arbitration agreement, which Brant had acknowledged, but he refused to arbitrate. Thereafter, AWP moved to strike some of Brant's defenses.

The parties engaged in discovery. AWP sought discovery to show Brant's communications with AWP's "former" clients. At one point, AWP moved for a protective order asserting Brant's discovery requests were inappropriate because Brant's counterclaims had to be arbitrated. AWP asked the trial court to deny

> Beach County, Florida by a single arbitrator in accordance with the rules then in effect of the American Arbitration Association applicable to employment agreements. . . .

2

most discovery until it held a hearing on AWP's motion to compel arbitration of the counterclaim.

Brant then joined Olson as a third-party to the counterclaim, alleging Olson to be an "individual who claims to own, manage and control AWP. . . ." Brant reasserted his request for declaratory relief against AWP and amended its counterclaim to add counts for defamation, injunctive relief, and tortious interference with a business relationship against AWP and Olson.

Before Olson was served with process or had responded to the amended counterclaim, the trial court held a hearing on AWP's motion to compel arbitration. Brant argued AWP waived arbitration by filing its complaint in court and by engaging in discovery on the merits of the case. Brant also argued that his amended counterclaims were outside the scope of the arbitration agreement and that Olson could not invoke the arbitration clause since the agreement did not refer to him.

Sometime after the hearing, but before the trial court issued its written order, Olson's attorney filed a notice of appearance and moved to compel arbitration.

Through the written order under review, the trial court ruled that AWP **and** Olson waived arbitration of Brant's counterclaim by AWP's filing of a motion to strike affirmative defenses and its discovery requests to Brant. The order detailed nine categories of discovery the trial court considered to constitute the waiver and concluded those requests "well exceed[] the type of information and documentation necessary to support the injunctive relief claim. . . ." The trial court denied AWP's motion to compel arbitration and to stay.

AWP and Olson appeal this order.

- ***The Analysis***

AWP and Olson argue the trial court erred in denying AWP's motion to compel arbitration. They raise three arguments. First, the trial court erred in failing to compel arbitration and stay the lawsuit as the amended counterclaim is within the scope of the arbitration agreement. Second, they argue that AWP did not waive arbitration by participating in discovery because the litigation was consistent with seeking injunctive relief in court as permitted by the agreement. And third, AWP asserts that arbitration is required for both AWP and Olson, as the claims are based on the same facts.

In ruling on a motion to compel arbitration, a trial court generally must consider: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. *Jackson v. Shakespeare Found., Inc.,* 108 So. 3d 587, 593 (Fla. 2013)

3

(citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)). Here, the trial court addressed only the third factor—waiver.

We review the order on waiver for an abuse of discretion. *Ibis Lakes Homeowners Ass'n, Inc. v. Ibis Isle Homeowners Ass'n, Inc.*, 102 So. 3d 722, 732 (Fla. 4th DCA 2012).

o *Waiver of Arbitration*

Waiver is "the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." *Patterson v. Melman*, 398 So. 3d 470, 474 (Fla. 2d DCA 2024) (citing *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005)), *rev. denied*, No. SC2025-0038, 2025 WL 1065758 (Fla. Apr. 9, 2025).

This general definition of waiver applies to a right to arbitrate, the "essential question [being] whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Patterson*, 398 So. 3d at 474 (citations omitted). A party may waive the right to arbitrate if he or she has "manifested an acceptance of the judicial forum." *Id.* (citing *Hardin Int'l, Inc. v. Firepak, Inc.*, 567 So. 2d 1019, 1021 (Fla. 3d DCA 1990)) (internal quotation marks omitted). However, waiver should not be lightly inferred. *Pierre's Caribbean Cuisine LLC v. LeaseFlorida LLC*, 408 So. 3d 853, 855 (Fla. 3d DCA 2025) (citing *Poller v. First Virginia Mortg. & Real Estate Inv. Tr.*, 471 So. 2d 104, 106 (Fla. 3d DCA 1985)).

"A party claiming waiver of arbitration must show: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with the right." *Marine Env't Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003) (citation omitted). "Active participation in the suit works a waiver because it is generally presumed to be inconsistent with the intent to arbitrate." *Id.* at 427.

Despite the trial court's reasoning, AWP's motion to strike Brant's answer, affirmative defenses, and counterclaim was neither inconsistent with arbitration nor acquiescence to judicial action. *See Schupler v. Eastern Mortg. Co.*, 33 So. 2d 586, 590 (Fla. 1948) (explaining that motions to strike are recognized as a means of attacking pleadings for frivolity and impertinence). We note that AWP filed its motion to strike after it moved to compel arbitration.

The trial court also focused on AWP's engagement in discovery and concluded the discovery requests to Brant went beyond those related to AWP's pending motion for injunctive relief/restraining order. *Price v. Fax Recovery Sys., Inc.*, 49 So. 3d 835, 837 (Fla. 4th DCA 2010) (recognizing that participating in discovery is an indicator of waiver of arbitration).

4

As a threshold matter, under Section 542.335, Florida Statutes (2018), "[v]alid restraints of trade or commerce," a party seeking a temporary injunction must establish four elements: "(1) the likelihood of irreparable harm[;] (2) the unavailability of an adequate remedy at law[;] (3) a substantial likelihood of success on the merits[;] and (4) that a temporary injunction will serve the public interest." *Picture It Sold Photography, LLC v. Bunkelman*, 287 So. 3d 699, 702 (Fla. 4th DCA 2020) (citations and internal quotation marks omitted).

We have previously considered whether discovery waived arbitration where, as in this case, the parties' agreement required arbitration but permitted a court to consider injunctive relief. *See Roger E. Freilich, D.M.D., P.A. v. Shochet*, 96 So. 3d 1135, 1138 (Fla. 4th DCA 2012) (upholding order compelling arbitration where arbitration as to other parties was pending and movant moved to compel arbitration despite also seeking limited discovery).

Here, we agree with AWP that the trial court erred when it perceived the discovery as beyond that related to AWP's request for injunctive relief and Brant's affirmative defenses. Our review of the discovery confirms that AWP sought information necessary only to support its request for injunctive relief and to oppose Brant's affirmative defenses to that claim, making the discovery necessary.

While AWP sought discovery concerning the "merits" of the parties' employment dispute, including Brant's alleged post-termination competition and solicitation of investment customers, it was relevant to AWP's request for injunctive relief. As AWP points out, the agreement's paragraph 13(a)(b) provided for court litigation to enjoin Brant from competing. Brant's answer and affirmative defenses simply overlapped some of the original counterclaim's allegations to declare the agreement unenforceable.

AWP invoked arbitration the day after Brant filed his counterclaim. AWP also opposed Brant's discovery on "damages," asserting that damages were not relevant to the temporary injunction. Review of Brant's defenses and counterclaim reveal that he was asserting his defenses and counterarguments to the temporary injunction claim (likelihood of success which requires a valid non-compete agreement). In short, the discovery was related to AWP's permitted request for injunctive relief and did not waive AWP's right to arbitration. We therefore reverse.

o *The Arbitration Agreement's Application to Olson*

Next, AWP and Olson argue that Olson was entitled to be served before he was denied the right to compel arbitration. We agree.

5

Here, Olson did not have the opportunity to argue his motion to compel arbitration since the hearing on AWP's motion predated service of the amended counterclaim on Olson and his subsequently filed motion to compel. Olson argues that despite being a non-signatory to the agreement, he can invoke the arbitration language because he is AWP's CEO and Chief Compliance Officer. He in fact signed the employment agreement, but only in his corporate capacity.

While a non-signatory to a contract containing an arbitration agreement ordinarily cannot compel a signatory to submit to arbitration, exceptions exist depending on the facts. *Bergeron Env't & Recycling, LLC v. LGL Recycling*, LLC, 398 So. 3d 988, 993 (Fla. 4th DCA 2024) (citing *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002)), *reh'g denied* (Jan. 2, 2025). *But see Tenet Healthcare Corp. v. Maharaj*, 787 So. 2d 241, 243 (Fla. 4th DCA 2001) (non-signatory defendants were parties within the meaning of the arbitration clause because they received rights and accepted obligations under the agreement).

While Olson has not yet identified a right he obtained or obligation he incurred under the agreement, he may be considered a party to the agreement due his role in AWP and the nature of the counterclaim against AWP. *See, e.g., Koechli v. VIP Int'l, Inc.*, 870 So. 2d 940, 944 (Fla. 1st DCA 2004) (reasoning non-signatory was deemed a party for arbitration purposes because the claims against it arose solely in connection with activities as an agents or officer of a signatory.)

Regardless, Olson could not have waived arbitration; he was never a party to the lawsuit until he was served. He had neither been served nor filed a response to the amended counterclaim prior to the hearing. Olson had an independent right to demand arbitration under Florida law and have his day in court before the trial court considered whether the arbitration agreement could be extended to him. *Tenet Healthcare*, 787 So. 2d at 241.

We therefore reverse and remand the case for further proceedings.

*Reversed and remanded.*

DAMOORGIAN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6