842 So.2d 210 (2003)
Serafin Garcia ARMAS and Representaciones Dole, C.A., Appellants,
v.
PRUDENTIAL SECURITIES, INC., Appellee.
No. 3D02-2214.
District Court of Appeal of Florida, Third District.
April 2, 2003.
*211 Sullivan Rivero & Chase, and Andres Rivero, and David R. Chase, and Jorge A. Mestre, for appellants.
Boose Casey Ciklin Lubitz Martens McBane & O'Connell, and Ronald E. Crescenzo (West Palm Beach), for appellee.
Before SCHWARTZ, C.J., and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Serafin Garcia Armas ("Garcia") appeals the trial court's order denying his motion to compel arbitration. We reverse.
Garcia opened an account with Prudential Securities ("Prudential") in the name of SMJ Corporation ("SMJ"). A large margin deficit occurred in the account due to extensive trading activity. Prudential requested that Garcia deposit additional funds into the account to cover the deficit. To satisfy the outstanding balance, Garcia deposited a check in the amount of $1.1 million dollars into the SMJ account. The check was made payable to Prudential and drawn upon Ocean Bank from an account held by Representaciones Dole, C.A. ("Dole"). Garcia is an officer of both corporations, Dole and SMJ. Ocean Bank refused to honor the check resulting in a debit balance of $701,276.44, in the SMJ Prudential account.
Prudential claimed that the check was improperly dishonored and initiated two proceedings. First, it filed an arbitration proceeding against SMJ and Garcia with the New York Stock Exchange.[1] Second, it filed the underlying action, a four count complaint in state court against Garcia and Dole, alleging a bad check claim against Dole, a civil theft claim against Garcia, an unjust enrichment claim against Garcia and a piercing the corporate veil claim. Garcia and Dole responded by filing a motion to dismiss the complaint and sought to transfer the case to the pending arbitration proceedings between SMJ and Prudential. The trial court denied the motion finding that the arbitration provision did not bind Dole because Dole was not a signatory to the account. We disagree.
The arbitration agreement was entered into and signed by SMJ, Garcia and Prudential. Dole was not a signatory to the arbitration agreement. However, there are several exceptions that permit non-signatories to enforce arbitration agreements. One exception provides that arbitration provisions containing the language, "arising out of or related to," in certain instances can be construed to include non-signatories. See Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc., 776 So.2d 940 (Fla. 3d DCA 2000); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
The arbitration clause in the present case provides in pertinent part:

*212 Unless enforceable under applicable law, any controversy arising out of or relating to Client's Program Assets, to transactions with Client, for Client or to this Agreement or the breach thereof, shall be settled by arbitration pursuant to the Federal Arbitration Act and in accordance with the rules, then in effect, of the NASD or the Board of Directors of the New York Stock Exchange, Inc. as the client may elect.
This agreement contains the "arising out of or related to" language. The claims against Dole also stem from the same controversy as the claims against SMJ and Garcia in the pending arbitration. Thus we find the breadth and scope of the arbitration agreement is broad enough to include Dole.
Non-signatories can also compel arbitration based on the equitable estoppel doctrine. See MS Dealer Service Corp. v. Franklin, 177 F.3d 942 (11th Cir.1999). Equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of concerted conduct by both the non-signatory and one or more of the signatories to the contract. MS Dealer Service Corp., 177 F.3d at 947. Here, Prudential's claims against all three parties arise from Garcia submitting a check from Dole's account to make payment to SMJ's Prudential account. Prudential's claims against Dole arise out of the same factual allegations of concerted conduct by both the non-signatory, Dole and the signatories, SMJ and Garcia and equitable estoppel is warranted.
Equitable estoppel is also warranted when each of the signatory's claims against a non-signatory make reference to or presume the existence of a written agreement. MS Dealer Service Corp., 177 F.3d at 947. Prudential's claims against Dole are based on the underlying contractual obligation between SMJ, Garcia and Prudential. Therefore, Prudential is equitably estopped from avoiding arbitration with Dole when the claims stem from the same contractual obligation as Prudential is relying on to compel arbitration with SMJ and Garcia. See In re Humana Inc. Managed Care Litig., 285 F.3d 971 (11th Cir.2002)(purpose of the equitable estoppel doctrine is to prevent a plaintiff from relying on a contract when it works to his advantage and repudiating it when it works to his disadvantage by requiring arbitration).
In conclusion, we find that the arbitration agreement is broad enough to include Dole and Prudential is equitably estopped from avoiding arbitration with Dole. Accordingly, we reverse and remand to the trial court with instructions to grant the motion to compel arbitration.
Reversed and remanded.
NOTES
[1] The arbitration proceeding included four counts: civil theft against SMJ and Garcia; breach of contract against Garcia; unjust enrichment against SMJ and Garcia; and piercing the corporate veil.