ON MOTION FOR REHEARING

STONE, J.
We deny Cardillo’s motion for rehearing, but withdraw our opinion of November 21, 2007 and substitute the following:
Affirmed. The trial court correctly concluded that Cardillo’s motion for attorney’s fees was untimely. The trial court’s December 1st order was a declaratory judgment that entitled Cardillo to attorney’s fees and triggered the thirty-day time limitation in rule 1.525 for serving a motion for attorney’s fees. Cardillo asserts that the order was a non-final order and, therefore, did not commence the time limitation.
Simon initially sued Cardillo for personal injury; Cardillo then filed a liability claim with Qualsure. Qualsure, contesting coverage and its duty to defend, sought a declaratory judgment, pursuant to section 86.011, Florida Statutes.
On December 1, 2004, the trial court entered the disputed order titled “Findings of Fact — Conclusions of Law-And Order Regarding Trial.” In its order, the trial court stated that “[c]ertain claims of Cardillo remain pending [in the underlying litigation], but based upon the Court’s findings of fact and conclusions of law, those issues are no longer outcome determinative of the declaratory decree action.” In paragraph four of the order, the court determined that coverage exists under the policy. Next, the order announced that “[a]ll remaining issues of liability and damages” proceed to a jury trial set the following month; “[a]ll stays previously entered ... are lifted and all counsel advised to be fully ready to commence trial.” The order then simply concluded that it is “DONE AND ORDERED.”
Qualsure appealed this order, and Simon filed a motion to dismiss that appeal, contending the order on appeal was not a final order. This court denied Simon’s motion to dismiss.
Subsequently, upon request, the trial court entered a “judgment,” which stated:
THIS ACTION was tried before the Court, and on the evidence presented.
IT IS ADJUDGED that the Court’s Order rendered on December 1, 2004 is a Final Judgment, for which let execution issue, if appropriate.
DONE AND ORDERED....
On February 17, 2005, Cardillo filed a motion for attorney’s fees pursuant to section 627.428, Florida Statutes.
The question is whether the December 1st order constitutes a final order or judgment commencing the time limit in rule 1.525. Rule 1.525 provides that “[a]ny party seeking a judgment taxing ... attorney’s fees ... shall serve a motion no later than 30 days after filing of the judgment.” Fla. R. Civ. P. 1.525.
Initially, we recognize that rule 1.525 applies equally regardless of whether the time runs from a document titled “order,” “final order,” “judgment,” or “final judgment,” as long as the document is a final resolution of the rights and obligations of the parties.
We conclude that the December 1st order was, in fact, a final order as it completed all judicial labor with regard to the declaratory relief requested, went on to set the trial date for the underlying case, and entered instructions regarding trial preparation.
A final order or judgment is one which evidences on its face that it adjudicates the merits of, and disposes of, the matter before the court and leaves no judi *1176 cial labor to be done. We have recognized that no particular words or phrases are essential to finality of an order. GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991).
Clearly, the declaratory relief order is not simply an order granting or denying a motion. It does not require further court action prior to its enforcement. To the contrary, it goes on to direct the trial of all remaining issues in the underlying suit, sets trial a month later, lifts the stay, and directs counsel to prepare for trial. Patently, it was the intent of the trial court that nothing further should stand as an obstacle to concluding the underlying case and that the declaratory issues were “disposed of.” The language of the order is more than sufficient to alert counsel that the clock is ticking as to a fee motion.
We also note that chapter 86, Florida Statutes, discussing declaratory judgments, provides that “a court’s declaration ... has the force and effect of a final judgment.” § 86.011, Fla. Stat. (2007); see also Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla.1996) (holding “that a declaratory judgment is appealable as a final order”); Legion Ins. Co. v. Moore, 846 So.2d 1183 (Fla. 4th DCA 2003) (finding that where the trial court terminated a declaratory judgment action as to all parties, “that decision [was] reviewable under Canal as a final order”).
We have considered the authorities cited by Cardillo in his motion for rehearing and deem them distinguishable. Therefore, the order is affirmed.
STEVENSON, J. and TRAWICK, DARYL E., Associate Judge, concur.