[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13427
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21208-JLK

PHYSICIAN CONSORTIUM SERVICES, LLC,
a Florida limited liability company,
HS1 NETPASS, LLC,
a Florida limited liability company,
CARE NETPASS, LLC,
a Florida limited liability company,

Plaintifs-Appellees,

versus

MOLINA HEALTHCARE, INC.,
a Delaware corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 11, 2011)

Before HULL, MARTIN and COX, Circuit Judges.

PER CURIAM:

The Defendant appeals the district court's order denying its motion to compel arbitration of the claims asserted by the Plaintiffs in this diversity action. We conclude that arbitration should be compelled.

## I. STATEMENT OF THE CASE

The Plaintiffs entered into a contract to sell Florida NetPass, LLC, a Florida health-care company, to Molina Healthcare of Florida, Inc. (Molina-Florida) a subsidiary of the Defendant (Molina-Delaware).

Molina-Delaware contends that it was a party to the Purchase Agreement–to the arbitration provisions at least–but the Plaintiffs contend that Molina-Delaware is not a party to the Purchase Agreement or to the arbitration agreement contained in the Purchase Agreement. We conclude that we need not decide whether Molina-Delaware was a "party" to the contract in the usual sense of that word.

The contract contains an arbitration clause which provides, in pertinent part, that "any claim by a Party or an Indemnitee against another Party or Indemniteee . . . arising out of or relating to this agreement or the breach thereof which is not resolved amicably by the parties involved in the claim shall be resolved exclusively by arbitration . . . ." (R.1-1, Purchase Agreement at 54.)

The Purchase Agreement requires that Molina-Delaware guarantee performance of the contract by Molina-Florida: "[Molina-Delaware] unconditionally

2

guarantees all obligations of Buyer (or its permitted assigns) under this Agreement . . . ." (*Id.* at 52-53.) Molina-Delaware signed the contract and delivered a written Guaranty guaranteeing performance of the contract by Molina-Florida. The Guaranty contains no arbitration agreement, though it references the contract.

The Purchase Agreement contains recitals of the parties to the agreement in a traditional form and Molina-Delaware is named as a party in the recitals. Molina-Delaware signed the Purchase Agreement and the Guaranty. Attached to the Purchase Agreement is Exhibit A, which is incorporated by reference. It defines "Party" in a way that the Plaintiffs argue excludes Molina-Delaware. The definition is arguably ambiguous, but we need not discuss it because we assume *arguendo* that Molina-Delaware is not a party to the Purchase Agreement. The Guaranty includes a clause stating that "Sellers shall have the right to proceed against the Guarantor without first proceeding against the Buyer." (*Id.*, Exhibit "D" Guaranty at 2.) The word "proceed" is not defined.

The Plaintiffs (the Florida sellers) filed a one-count complaint against Molina-Delaware claiming damages for Molina-Florida's breach of the contract that Molina-Delaware guaranteed. Molina-Florida was not sued. The claim for damages alleges that Molina-Florida breached the Purchase Agreement in ways which, they allege, reduced the final purchase price.

3

Molina-Delaware filed a motion to compel the Plaintiffs to arbitrate their claims pursuant to the arbitration clause in the Purchase Agreement. They sought to compel arbitration on two grounds: first, that they were a party to the contract; and second, that they were entitled to compel arbitration under equitable estoppel principles. The district court denied the motion. The court, struggling with the task of discerning the meaning of poorly-drafted documents, concluded that Molina-Delaware was not a party to the Purchase Agreement and that, even though the Guaranty was made "subject to" the Purchase Agreement by reference, the plain language of the Guaranty included no arbitration provision. The district court further concluded that Molina-Delaware was not entitled to compel arbitration under equitable estoppel principles because the Guaranty is an agreement separate and distinct from the Purchase Agreement and creates its own obligations running from Molina-Delaware to the Plaintiffs. Molina-Delaware gave notice of appeal, perfecting this interlocutory appeal.

## II. STANDARD OF REVIEW

We review de novo an order denying a motion to compel arbitration. *Becker v. Davis*, 491 F.3d 1292, 1297 (11th Cir. 2007) (citation omitted).

III. DISCUSSION

Molina-Delaware raises three arguments on appeal: first, that the district court erred in holding that the plain language of the Purchase Agreement precluded Molina-Delaware from compelling arbitration by focusing too narrowly on the definition of the term "Party" as defined in the Exhibit to the Purchase Agreement; second, that the district court erred in treating the Guaranty and Purchase Agreement as two separate and distinct documents, thereby overlooking precedent holding that claims on a guaranty are subject to the arbitration provisions of the principal agreement; and third, that Molina is entitled to compel arbitration under equitable estoppel principles. Because we conclude that Molina-Delaware is entitled to relief on equitable estoppel principles, we do not address Molina-Delaware's other arguments.

Assuming *arguendo* that Molina-Delaware is not a party to the Purchase Agreement, Molina-Delaware is permitted to compel arbitration under equitable estoppel principles.

The scope, validity, and enforceability of arbitration agreements, including the right of non-signatories to compel arbitration, is governed by state contract law.[1]

---

[1]The term "non-signatory" is usually used to describe persons or entities that are not parties to the contract; the term is not a good fit here because Molina-Delaware signed the contract, but we do not address the question of whether it was a party to the contract. We will nevertheless use the term "non-signatory" when the decision we are discussing uses that term.

*Arthur Anderson LLP v. Carlisle*, 129 S. Ct. 1896, 1902 (2009). The applicable law in this case is Florida law. Prior to *Arthur Anderson* some courts in this circuit assumed that federal law controlled. Florida courts have recognized that a non-signatory may compel arbitration by a signatory to an arbitration agreement "when each of the signatory's claims against a non-signatory make reference to or presume the existence of a written agreement." *Armas v. Prudential Secs., Inc.*, 842 So. 2d 210, 212 (Fla. 3d DCA 2003) (citing *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)). In other words, "if a party relies on the terms of a written agreement in asserting the party's claims, that party is equitably estopped from then seeking to avoid an arbitration clause within the agreement." *Becker*, 491 F.3d 1300. That is the situation here.

Federal courts have also held that "[w]hen the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." *J. J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988).

Plaintiffs' claims against Molina-Delaware are based entirely on the terms of the Purchase Agreement. The Guaranty in this case obligates Molina-Delaware to pay any money owed Plaintiffs under the Purchase Agreement. Thus, a determination

6

of liability will necessarily require an analysis of the Purchase Agreement and a determination as to whether Molina-Florida has breached the Purchase Agreement.

Plaintiffs argue that because the arbitration provision is narrowly tailored, it falls outside the line of cases holding that non-signatories may compel arbitration under equitable estoppel principles. In support of this proposition, Plaintiffs cite *World Rentals & Sales, LLC v. Volvo Constr. Equip. Rents, Inc.*, 517 F.3d 1240 (11th Cir. 2008). In *World Rentals*, we held that an arbitration clause that explicitly excluded disputes between two parties could not be relied upon to compel arbitration under equitable estoppel principles. *Id.* at 1246-47. *World Rentals* is distinguishable because Molina-Delaware was not explicitly excluded by the arbitration provision in the Purchase Agreement. Moreover, in *MS Dealer* this court was faced with an arbitration provision which, like this one, was by its language restricted to controversies between the parties to the contract. In *MS Dealer*, we concluded that equitable estoppel was appropriate because the party's claims against the non-party were "intimately founded in and intertwined with the obligations imposed by the [agreement containing the arbitration clause]." 177 F.3d at 948 (quotation and citation omitted). It is clear from the record that the claims against Molina-Delaware are "intimately founded in and intertwined with" the Purchase Agreement. Furthermore, the claim against Molina-Delaware is both based on the same facts and

is inherently inseparable from the alleged breach of the Purchase Agreement by Molina-Florida.

The Plaintiffs are attempting an "end run" to avoid their agreement to arbitrate. We conclude that Florida courts would, on these facts, hold that Plaintiffs are equitably estopped from avoiding arbitration of its claims against Molina-Delaware. We therefore reverse the district court's order denying arbitration and remand with instructions to compel arbitration.

REVERSED AND REMANDED WITH INSTRUCTIONS.[2]

---

[2]The Defendant's Motion to Supplement the record is DENIED. The Plaintiffs' Motion to Strike References in the Initial Brief of Appellant to a Matter Outside the Record and to Strike the Material from Appellate Record is DENIED.