GROSS, J.
We reverse an order denying a motion to compel arbitration. The complaint’s allegations of concerted conduct between parties and non-parties to the arbitration agreement permit the non-parties to insist on arbitration under the agreement.
Andrea Clarke filed a multi-count complaint against Palm Beach Gardens Community Hospital, Inc., Tenet South Florida Regional Resource Pool, Tenet Healthcare Corporation, Tenet Healthcare-Florida, Inc., Terri Hughes, Lash & Goldberg, LLP, Laurie Stern Torban, and Martin B. Goldberg. The first four counts — fraud and deceit; negligent misrepresentation; defamation; and intentional infliction of emotional distress — were directed at all of the defendants. The last count, legal malpractice, was directed at Lash & Goldberg and its attorneys Torban and Goldberg. Central to all of the counts was the allegation that Clarke was falsely accused of causing a patient’s death, that all of the defendants knew that another nurse was responsible, and that they concealed this fact from Clarke.
The complaint contained allegations that the defendants acted together. In the fraud count, Clarke claimed that all of the defendants intentionally “engaged in a pattern of fraud and deceit” to conceal information about the patient’s death, and “conspired” to prevent her and her counsel from discovering that she was not responsible for the death. Clarke alleged that these actions “constituted a concerted effort to defraud” her.
The legal malpractice count against only the Lash & Goldberg defendants asserted that their representation of the other defendants, including the nurse whom Clarke believed to be responsible for the death, created conflicts of interest with their representation of Clarke and that they never disclosed those conflicts to her. She claimed that these attorneys knew she was blameless in the incident, but withheld the truth from her.
All defendants moved to compel arbitration based on an arbitration agreement that Clarke had signed as part of Tenet Healthcare Corporation’s employee package. The circuit court granted the motion as to the Tenet defendants and denied arbitration as to the Lash & Goldberg defendants.
We reverse the order denying arbitration. Even though the Lash & Goldberg defendants were not signatories or parties to the arbitration agreement, they may insist on arbitration because the complaint alleges that the defendants engaged in concerted conduct that harmed Clarke.
Generally, a non-signatory to an arbitration agreement cannot compel a signatory to submit to arbitration. See Roman v. Atl. Coast Constr. & Dev., Inc., 44 So.3d 222, 224 (Fla. 4th DCA 2010). One exception to the rule is that a non-signatory can compel arbitration when the *428 signatory to the contract containing the arbitration clause alleges substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories. See id.; Kolsky v. Jackson Square, LLC, 28 So.3d 965, 969 (Fla. 3d DCA 2010). This exception is based on the doctrine of equitable estoppel. See Armas v. Prudential Secs., Inc., 842 So.2d 210, 212 (Fla. 3d DCA 2003).
Although Clarke tries to spin the legal malpractice count as involving only her independent attorney-client relationship with the Lash & Goldberg defendants, her complaint generally ties those defendants to the others who were parties to the arbitration agreement. All of the counts in the complaint stem from the death of the patient and the defendants’ alleged efforts to conceal the truth and blame Clarke for the tragedy. Clarke alleged that, like the other defendants, the Lash & Goldberg defendants knew she was not responsible for the death, yet intentionally prevented her from discovering that fact. Thus, Clarke alleged concerted misconduct by non-signatories (the Lash & Goldberg defendants) and signatories (the Tenet defendants).
For these reasons, we reverse the order denying arbitration and remand to the circuit court to enter an order compelling arbitration with the Lash & Goldberg defendants.
WARNER and STEVENSON, JJ., concur.