GROSS, J.
We affirm the circuit court’s order denying Ira Marcus’s motion to stay and compel arbitration. As a non-party to the arbitration agreement, Marcus cannot rely on equitable estoppel to compel a party to arbitrate where the parties to the arbitration agreement have repudiated it.
The plaintiffs below sued, inter alia, Brooklyn Water Enterprises, Inc. f/k/a The Original Brooklyn Water Bagel Co., Inc. (“Original”), the Brooklyn Water Bagel Franchise, Inc. (“BWB”), and Marcus. The essence of the complaint was that the defendants made fraudulent representations that induced the plaintiffs to purchase franchise rights for restaurants in South Florida. The complaint identified Marcus as a former officer and founder of Original and a former officer and director of BWB.
Prior to the suit’s initiation, the plaintiffs and BWB entered into development agreements, at which time an individual other than Marcus signed the agreements on behalf of BWB. Each agreement contained an arbitration provision which covered “all disputes, claims and controversies between the parties arising under or in connection with” the agreement, “including claims of fraud in the inducement and other claims of fraud.” The arbitration agreement vested BWB with the sole discretion to pursue a remedy in court, requiring arbitration:
[e]xcept to the extent [BWB] elects to enforce the provisions of this Agreement by judicial process and injunction in [BWB’s] sole discretion.
After the suit was filed in June 2011, BWB, consistent with its right under the contract, elected not to demand arbitration, deciding instead to actively litigate the case in the circuit court. Likewise, the plaintiffs opted not to demand arbitration, choosing alternatively to bring suit against Marcus via an amended complaint filed in February 2012. In response, Marcus timely moved to stay the circuit court proceedings and compel arbitration. The circuit court denied his motion.
Although Marcus was not a party to the development agreements, he argues that the doctrine of equitable estoppel allows him to enforce the arbitration clause against the plaintiffs, who were signatories to the agreements.
This is a case where a non-party to an arbitration agreement, also known as a non-signatory, seeks to compel a party to an agreement to arbitrate. An obligation to arbitrate is based on consent, “and for this reason ‘a non-signatory to a contract containing an arbitration agreement ordinarily cannot compel a signatory to submit to arbitration.’ ” Roman v. Atl. Coast Constr. & Dev., Inc., 44 So.3d 222, 224 (Fla. 4th DCA 2010) (quoting Koechli v. BIP Int’l, Inc., 870 So.2d 940, 943 (Fla. 1st DCA 2004)). However, courts “have been willing to estop a signatory from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.” Thomson-CSF, S.A. v. Am. Arbitration Ass’n, 64 F.3d 773, 779 (2d Cir.1995) (alteration in original).
We have written that the equitable estoppel exception to the general rule is “ ‘warranted when the signatory to the *634 contract containing the arbitration clause raises allegations of concerted conduct by both the non-signatory and one or more of the signatories to the contract.’ ” Shetty v. Palm Beach Radiation Oncology Associates-Sunderam K. Shetty, M.D., P.A., 915 So.2d 1233, 1235 (Fla. 4th DCA 2005) (quoting Armas v. Prudential Sec., Inc., 842 So.2d 210, 212 (Fla. 3d DCA 2003)). In such circumstances, as Shetty suggests, equitable estoppel will apply since there exists “a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement.” Sokol Holdings, Inc. v. BMB Munai, Inc., 542 F.3d 354, 359 (2d Cir.2008).
“The doctrine of equitable estop-pel ‘precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity.’ ” R.J. Griffin & Co. v. Beach Club II Homeowners Ass’n, 384 F.3d 157, 160 (4th Cir.2004) (quoting Int’l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 417-18 (4th Cir.2000)). The rationale behind allowing a non-party to an arbitration agreement to use equitable estoppel to compel a party to arbitrate is that otherwise “ ‘the arbitration proceedings [between the two signatories] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.’ ” MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir.1999) (alteration in original) (quoting Sam Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 681 (5th Cir.1976)). Consequently, in applying this doctrine, courts have also focused upon the “fairness” of the party’s conduct. See Hill v. GE Power Sys., Inc., 282 F.3d 343, 349 (5th Cir.2002) (“ ‘[T]he lynchpin for equitable estoppel is equity’ and the point of applying it to compel arbitration is to prevent a situation that ‘would fly in the face of fairness.’ ” (quoting Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, 528 (5th Cir.2000))).
Applying these principles, the equitable estoppel doctrine has been found to apply “when one party attempts ‘to hold [another party] to the terms of [an] agreement’ while simultaneously trying to avoid the agreement’s arbitration clause.” R.J. Griffin, 384 F.3d at 161 (alterations in original) (quoting Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp., 659 F.2d 836, 838 (7th Cir.1981)). In such circumstances, fairness dictates that the party “cannot have it both ways” by relying on the arbitration clause when it works to its advantage and repudiating it when it works to its disadvantage. Hughes Masonry, 659 F.2d at 839 (quoting Tepper Realty Co. v. Mosaic Tile Co., 259 F.Supp. 688, 692 (S.D.N.Y.1966)) (internal quotations omitted).
Similarly, Florida courts have applied equitable estoppel to allow a non-signatory to compel a signatory to arbitrate where the signatories were already involved in arbitration. See Shetty, 915 So.2d at 1234-35; Armas, 842 So.2d at 211-12; see also Lash & Goldberg LLP v. Clarke, 88 So.3d 426, 427-28 (Fla. 4th DCA 2012); MS Dealer Serv. Corp., 177 F.3d at 945 n. 1. Under the facts of those cases, ruling otherwise would have frustrated the policy in favor of arbitration by allowing parties to take inconsistent positions regarding the arbitrability of related, intertwined claims.
This case is different because the signatories to the arbitration agreement frustrated the agreement’s performance by repudiating arbitration and electing to pursue judicial process. Moreover, the arbitration agreement gives one of the parties *635 (BWB) the unilateral right to bypass arbitration, meaning that the application of equitable estoppel to this case would effectively provide Marcus the ability to nullify the choice BWB was allowed to make under the contract. Under these circumstances, Marcus, as a non-signatory to the arbitration agreement, may not avail himself “of [the] arbitration provision” to which he is “not a party by seizing upon an exception that has the primary purpose of preventing the frustration of rights that has already occurred.” Ben-Yishay v. Mastercraft Dev., LLC, No. 08-14046-CIV, 2009 WL 6887928, at *6 (S.D.Fla. Dec. 14, 2009). For these reasons, since the plaintiffs have not taken inconsistent positions — they want no part of arbitration for any aspect of their claim and BWB has elected to proceed in court — Marcus may not rely on equitable estoppel to compel arbitration.

Affirmed.

DAMOORGIAN, J., and HANZMAN, MICHAEL, Associate Judge, concur.