Per Curiam.
Sawgrass Ford, Inc. (“Sawgrass”) appeals a non-final order granting a motion to compel arbitration. The trial court ordered arbitration to maintain procedural fairness to both sides. Because the doctrine of equitable estoppel supports the court’s ruling, we affirm.
In March 2014, Bryan Vargas filed a complaint against Sawgrass and individual employee defendants seeking to litigate a class action based upon violations of the Florida Minimum Wage Act, section 448.110, Florida Statutes (2014), and alleging an individual claim of retaliation.
In December 2014, Vargas’s counsel, on behalf of another Sawgrass employee, filed a federal action against the same defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., arising from the same wage payment practices. In that case, Sawgrass successfully moved to compel arbitration. The parties agree the federal suit is substantially similar to this state action and involves essentially the same arbitration agreements signed by Vargas and the putative class members.
Also in December 2014, Vargas moved for class certification in this state case. Later that month, Sawgrass filed a memorandum in opposition but did not raise any issue regarding arbitration. Sawgrass did not answer the complaint, but discovery and other litigation, including motions to dismiss and motions for summary judgment, continued for months. Shortly before the December 2015 hearing on class certification, Sawgrass alleged for the first time that the putative class members should be compelled to arbitrate their wage claim. The court denied the motion for class certification without prejudice and allowed limited class discovery so that Vargas could determine whether putative class members signed valid arbitration agreements.
After confirming that all employees signed arbitration agreements, Vargas moved to compel arbitration. The trial court initially denied his motion. Vargas moved for clarification or reconsideration. He argued in part that he could not have sought arbitration of the class claim until he confirmed that all employees were subject to arbitration. He also argued that *693 Sawgrass’s delay in raising an arbitration defense could bar claims of some putative class members because the statute of limitations has run.
At the hearing on his motion for clarification or reconsideration, Vargas asked the court to either certify the class and find that Sawgrass waived its right to arbitrate, or let them all go to arbitration. The court asked Sawgrass if it would prefer to bring the class into the litigation or go to arbitration. Sawgrass wanted to proceed with litigation only as to Vargas and wanted to preserve its right to arbitrate with the putative class. Sawgrass claimed it would have been estopped from seeking arbitration as to Vargas because it did not seek arbitration when it filed a county court action against him for violation of a non-compete agreement. The county court action was subsequently consolidated with Vargas’s complaint. Sawgrass maintained that Vargas could not serve as the class representative because he had waived his right to arbitration by litigating this case for two years.
“Upon further review and in the interest of maintaining procedural fairness as to both sides,” the trial court granted reconsideration and granted Vargas’s motion to compel arbitration. This appeal follows. The trial court subsequently denied a stay, and this case was assigned to the same arbitrator who is hearing the similar federal action.
Sawgrass argues that the trial court erred by compelling arbitration between Vargas and Sawgrass because Vargas waived arbitration.[1]
“An order granting or denying a motion to compel arbitration is reviewed de novo.” Best v. Educ.163457
Affiliates, Inc., 82 So.3d 143, 145 (Fla. 4th DCA 2012) (citations omitted).
Public policy favors arbitration; questions regarding the scope of an arbitration agreement and whether a party waived the right to arbitrate should be resolved in favor of arbitration. KFC Nat’l Mgmt. Co. v. Beauregard, 739 So.2d 630, 631 (Fla. 5th DCA 1999).
The trial court did not make any findings as to whether Vargas waived arbitration. It compelled arbitration in the interests of fairness. Courts can compel arbitration based upon equitable estoppel. See Marcus v. Florida Bagels, LLC, 112 So.3d 631 (Fla. 4th DCA 2013) (explaining the rationale for allowing non-signatories to an arbitration agreement to compel arbitration under a theory of equitable estoppel). Equitable estoppel focuses on fairness, and it can prevent a party from taking inconsistent positions regarding arbitration of related issues. Id. at 634; see also Heller v. Blue Aerospace, LLC, 112 So.3d 635, 637 (Fla. 4th DCA 2013).
Sawgrass compelled arbitration in federal court of substantially similar claims involving the same wage practices. If class certification is granted, the cases will involve the same parties. Sawgrass pointed out that the state statute has a pre-suit notice requirement that was the basis for a motion to dismiss. The federal statute does not have a similar requirement, and Saw-grass alleged this accounted for its different strategies. Sawgrass’s explanations for why it did not seek arbitration as to Var *694 gas and why it took a different strategy in the federal case do not explain why it compelled arbitration in the federal case but will not consent to arbitration with Vargas in the state case. The trial court tried to accommodate Sawgrass, but was not inclined to let the company “have it both ways.”
We find no error in compelling arbitration in these circumstances and affirm the trial court’s order.
Warner, Gross and Gerber, JJ., concur.

. Sawgrass also argues that the trial court erred by compelling arbitration with the individual employee defendants who did not sign the arbitration agreements. This argument was not preserved below, and the individual defendants did not appeal the trial court’s order. The same individual defendants also successfully sought arbitration of the federal action.