[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17252
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00046-BJD-JBT

LISA DRAYTON,
Individually and on behalf of all others similarly situated,

Plaintiff-Appellee,

versus

TOYOTA MOTOR CREDIT CORPORATION,
d.b.a. Lexus Financial Services,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 26, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Toyota appeals the denial of its motion to compel arbitration.  On appeal, Toyota argues that the district court disregarded the strong federal policy in favor of arbitration.  Toyota also argues that the district court erred in denying its motion to compel arbitration because, even though it is not a party to the document containing the arbitration agreement, it is a party to a related document that was signed contemporaneously.  Finally, Toyota argues that it can enforce the arbitration agreement based on equitable estoppel.  After careful consideration of the record and the parties' briefs, we affirm.

## I.

Lisa Drayton brought a putative class action claim against Toyota after she allegedly received automated telephone calls from Toyota attempting to collect a consumer debt.  She alleged that the calls violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq.  Toyota moved to compel arbitration but the district court, adopting a magistrate judges' Report and Recommendation, denied the motion.

In 2013, as part of the purchase of a 2009 Lexus automobile from a Lexus dealership–Lexus of Orange Park, Lisa Drayton and her husband executed two documents: a Retail Buyer's Order (RBO), to order the car, and a Retail Installment Sales Contract (RISC), to finance the purchase of the car through a

loan.  The RBO contains an arbitration clause and precludes class action claims.

The RISC contains a merger clause that states it is "the entire agreement."  Lexus

of Orange Park and Lisa Drayton signed the RBO.  The Draytons and the dealer

signed the RISC, but Toyota was later assigned the RISC.

## II.

We review a district court's denial of a motion to compel arbitration de

novo.  *In re Checking Account Overdraft Litigation MDL No. 2036*, 674 F.3d

1252, 1255 (11th Cir. 2012) (per curiam).

To decide "whether a non-party can enforce an arbitration clause against a

party" we must look to "applicable state law," which in this case is Florida.  *See*

*Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170–71.  Under Florida law,

"a non-signatory to a contract containing an arbitration agreement ordinarily

cannot compel a signatory to submit to arbitration."  *See Marcus v. Fla. Bagels,*

*LLC*, 112 So. 3d 631, 633 (Fla. Dist. Ct. App. 2013) (internal quotation marks

omitted).[1]  An exception to this rule, equitable estoppel, provides that in certain

situations, "fairness" dictates that a signatory should not be able to avoid

arbitration with a nonsignatory.  *See id.* at 634 (internal quotation marks omitted).

"[T]he equitable estoppel doctrine has been found to apply when one party

---

[1] Our circuit has held that when a state's highest court has not spoken on a topic, we can look to the decision of the intermediate appellate courts.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011).

3

attempts to hold [another party] to the terms of [an] agreement while simultaneously trying to avoid the agreement's arbitration clause. *Id.* (internal quotation marks omitted).

Toyota is not a party to the RBO, the only document containing an arbitration clause. Under Florida law, as non-signatory to the contract containing an arbitration clause, Toyota cannot compel arbitration.[2] Furthermore, equitable estoppel is not appropriate for this case because Drayton is not seeking to hold Toyota to the terms of the RBO, or even the RISC for that matter. Accordingly, we affirm.

**AFFIRMED.**

---

[2] Toyota also argues that because the RBO and RISC were executed contemporaneously, they should be read as one agreement. We find this argument unavailing. The RBO lays out the terms of the sale between the dealership and the buyer while the RISC lays out the terms of the loan between the financier and the buyer.