# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3001
LT Case No. 2021-CA-000718

———————————————

HERNANDO COUNTY, FLORIDA,

    Appellant,

    v.

HERNANDO COUNTY FAIR
ASSOCIATION, INC.,

    Appellee.

———————————————

On appeal from the Circuit Court for Hernando County.
Pamela Stinnette Vergara, Judge.

Kyle J. Benda, and Jon A. Jouben, of Hernando County, Florida,
Brooksville, for Appellant.

Joseph M. Mason, Jr., of McGee & Mason, P.A., Brooksville, for
Appellee.

June 14, 2024

HARRIS, J.

    Hernando County, Florida (the "County"), appeals the trial
court's order denying as untimely its motion for attorney's fees and
costs. The County argues that the Order on Complaint entered by
the trial court was not a final order, and therefore, the court erred
in finding that the County's motion for attorney's fees and costs

was filed beyond the 30-day time period required by Florida Rule of Civil Procedure 1.525. We agree and reverse.

In 2021, the County sent the Hernando County Fair Association, Inc. ("HCFA") a letter requesting certain public records outlined in the letter. The parties ultimately agreed that the records would be provided by September 1, 2021. When the requested public records were not provided as agreed, the County filed a complaint against the HCFA, seeking declaratory and injunctive relief and the issuance of a writ of mandamus. Specifically, the County requested a declaration that the HCFA has a statutory duty to allow inspection of all public records, that all the requested documents are public records, and that the HCFA failed to comply with its statutory duty to allow inspection and copying of all public records. It also sought an order setting an immediate hearing and directing the HCFA to produce the requested records. The County included a petition for writ of mandamus to compel the HCFA to allow inspection and copying of the records. The County sought attorney's fees and costs under each claim for relief.

Less than three weeks after the complaint was filed, the court held a hearing on the County's request. Following this hearing, the court entered its Order on Complaint which directed the HCFA to provide access to the requested records, declared that the requested records were in fact public records, and directed the HCFA to provide to the County an itemized response specifying where the records were being held. Notably, the order did not direct the HCFA to produce the records and it reserved ruling on the County's request for attorney's fees, noting that an evidentiary hearing would be required to determine whether, under the specific facts of this case, the County was entitled to fees.

Ten months later, the court filed a notice of lack of prosecution, notifying the parties that no record activity had taken place since entry of the order and advising that if no such record activity occurred within 60 days following service of the notice, the action would be dismissed. In response, the County filed its motion for attorney's fees and costs pursuant to section 119.12(1), Florida Statutes (2021). The HCFA responded that the Order on Complaint was a final order because it resolved all requested relief

2

sought from the County, completing all judicial labor, and that therefore, the motion for fees and costs was untimely pursuant to rule 1.525. The court agreed and denied the County's motion as untimely. This appeal followed.

The County argues that its motion for fees and costs was not untimely under rule 1.525 because the Order on Complaint was not a final order for the following reasons: the notice of lack of prosecution indicated judicial labor was not terminated, otherwise there would be no need to warn the parties of potential dismissal of the action; the Order on Complaint did not adjudicate the County's petition for writ of mandamus; the hearing was not a final or evidentiary hearing and pleadings were still open at the time; and the Order on Complaint did not complete the judicial labor because it did not compel production of specific records or adjudicate whether the HCFA violated the Public Records Act as set forth in the complaint. We agree.

Rule 1.525 provides that any party seeking a judgment taxing costs or attorney's fees shall serve a motion no later than 30 days after filing of a judgment that concludes that action as to that party. *See* Fla. R. Civ. P. 1.525. This rule "was adopted to set bright-line time requirements for motions for attorneys' fees and costs," *Amerus Life Ins. Co. v. Lait*, 2 So. 3d 203, 205 (Fla. 2009), and it applies where the relevant order or judgment is a "final resolution of the rights and obligations of the parties," *Cardillo v. Qualsure Ins. Corp.*, 974 So. 2d 1174, 1175 (Fla. 4th DCA 2008). No particular words or phrases are necessary to finality of an order, but the order should adjudicate the merits of, and dispose of, the matter before the court, leaving no judicial labor to be done. *Id*. at 1175–76.

In addition to seeking a declaration that the HCFA has a statutory duty to allow for inspection and copying of public records, that the documents requested were public records, and that the HCFA failed to comply with its duty to allow the inspection and copying of the records, the County's complaint also sought an order directing the HCFA to produce the requested records pursuant to its claim for injunctive relief and a writ of mandamus requesting the same relief. While the court's order declared the requested records public records pursuant to chapter 119, Florida Statutes,

3

and ordered the HCFA to provide immediate access to the requested records for inspection and copying, it did not provide a declaration that the HCFA "failed to comply with its statutory duty to allow inspection and copying" of the records, as sought in the County's complaint. It is this issue—whether the HCFA unlawfully refused to allow inspection of records—that the parties disputed at the hearing, and which they acknowledged would require an evidentiary hearing—a hearing which has yet to take place. Additionally, the County correctly notes that its petition for writ of mandamus remained pending for adjudication.

For these reasons we agree with the County that the Order on Complaint was not a final order that completed all judicial labor with regard to the relief requested. *See Cardillo*, 974 So. 2d at 1175. It was therefore error for the court to deny the County's motion for attorney's fees as untimely. We reverse the order denying the County's motion and remand this matter to the trial court to determine whether the County is entitled to an award of fees under section 119.12(1)(a), Florida Statutes.

REVERSED and REMANDED.

WALLIS and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____