# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1761
Lower Tribunal No. 21-9442-CA-01

_____

**Eco Green International, LLC, et al.,**
Appellants,

vs.

**Acapital, S.R.O., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Osorio Internacional, P.A., and Carlos F. Osorio, and Grant S. Smith, for appellants.

Greenberg Traurig, and Brigid F. Cech Samole, Adrian Nuñez, Bethany J.M. Pandher, and Gabriel A. Diaz, for appellees.

Before LINDSEY, LOBREE and GOODEN, JJ.

GOODEN, J.

Appellants Eco Green International, LLC, and Jugo Australes, S.A. appeal an order granting Appellees' motion to dismiss, in part. The order stated that Counts I–III are dismissed with prejudice, and, to the extent Counts IV–VII were based on issues resolved by the final arbitration award, Counts IV–VII are dismissed with prejudice. But to the extent Counts IV–VII were not barred by collateral estoppel, the trial court compelled arbitration. It then stayed the case pending determination by the Arbitration Tribunal.

Yet we only have jurisdiction over the portion of the order that compels Counts IV–VII to arbitration. See Fla. R. App. P. 9.130(a)(3)(I). For that reason, we dismiss the remaining portion of the appeal for lack of jurisdiction. We do so without prejudice so that Appellants may seek review after a final order is rendered. We affirm the portion of the order compelling arbitration.

**I.**

Eco Green is a Florida trading company. It entered an agreement with Iberte, wherein Iberte would buy wine must[1] from Jugo Australes, an Argentinian wine manufacturer. The purchase would occur over three years

---

[1] Wine must is "unfermented juice of grapes extracted by crushing or pressing" and is often stored "in the cask or vat before it is converted into wine." Must, Wine Spectator, Wine IQ, Glossary, https://www.winespectator.com/glossary/show/id/must (last visited Dec. 8, 2025).

for a total price of $68,400,000. Jugo Australes agreed to produce and ship the wine must, and to provide collateral and warranties of compliance.

The agreement also included a repurchase clause, which allowed Iberte to sell the wine must back to Jugo Australes. Acapital, S.R.O. executed that repurchase clause. Both agreements contained an arbitration clause:

> **DISPUTE RESOLUTION**: Any dispute arising from this agreement will be settle[d] by the Arbitration Tribunal of the Mendoza Stock Exchange, under the modality of arbitrators of law.

Iberte made several payments, but Jugo Australes failed to deliver any wine must. As a result, Iberte terminated the agreement in November 2021.

Eco Green and Jugo Australes then filed suit against Acapital, Iberte, Juan Jose Retamero, and Guillermo Daniel Garcia. Garcia is an authorized representative of Iberte and Retamero is the CEO of Iberte and Acapital. Eco Green and Jugo Australes maintained that the agreement was a usurious loan—not a contract. The complaint included five counts: Count I - declaratory judgment that the agreements were loans; Count II - declaratory judgment that the loans were usurious under section 687.071, Florida Statutes; Count III - criminal usury and damages; Count IV - defamation per se; Count V - tortious interference; and Count VI - civil conspiracy. All counts

3

were lodged against Iberte and Acapital. But only counts III, IV, V, and VI included claims against Retamero and Garcia.

Acapital, Iberte, Retamero, and Garcia moved to dismiss and compel arbitration. The trial court granted the request as to Acapital and Iberte, only. The trial court stayed the counts against Retamero and Garcia, subject to the Arbitration Tribunal of the Mendoza Stock Exchange's determination of jurisdiction over the state law tort claims. The Arbitration Tribunal responded that it did not have jurisdiction over any matter relating to criminal conduct. The trial court then lifted the stay.

Eventually, the Arbitration Tribunal issued its final award in favor of Iberte. It found that the agreement was a contract—not a usurious loan. It ordered Eco Green and Jugo Australes to pay $12,195,750.

Thereafter, Eco Green and Jugo Australes amended the complaint. They asserted the same causes of action as the initial complaint. And, as Count VII, they added a claim under Florida's RICO statute against all defendants.

Acapital, Iberte, Retamero, and Garcia moved to dismiss or compel arbitration. They asserted collateral estoppel, among other arguments. The trial court granted the motion, in part. Applying collateral estoppel, it dismissed Counts I–III with prejudice. To the extent Counts IV–VII were

4

based on issues resolved by the final arbitration award, it also dismissed these counts with prejudice.  But to the extent Counts IV–VII were not barred by collateral estoppel, the trial court compelled arbitration.  It then stayed the case pending determination by the Arbitration Tribunal.  Lastly, the trial court noted that it did not reach the other motions pending before it.

This appeal followed.

## II.

"We must analyze our jurisdiction in every case."  Fabre v. 4647 Block, LLC, 401 So. 3d 523, 526 (Fla. 3d DCA 2024).  "[I]t is the duty of the court to consider it, for if the court is without jurisdiction, it is powerless to act in the case."  Roberts v. Seaboard Sur. Co., 29 So. 2d 743, 748 (Fla. 1947).  "Without jurisdiction, there is only one action we can take: we must dismiss."  Fisher v. Hous. Auth. of the City of Key W., No. 3D24-2065, 2025 WL 3291044, at *4 (Fla. 3d DCA Nov. 26, 2025).

First, we must examine whether the order is a final order under Florida Rule of Appellate Procedure 9.110.[2]  Eco Green and Jugo Australes maintain that it is.  They focus on the fact that, within the legal conclusions section, counts were dismissed with prejudice.

---

[2] See also Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b).

5

To determine whether an order is final, "we review the content and substance to discern whether the order fully and finally determines the rights of the parties involved in the lawsuit." Colby III, Inc. v. Centennial Westland Mall Partners, LLC, 386 So. 3d 1003, 1005 (Fla. 3d DCA 2023). "A final order or judgment is one which evidences on its face that it adjudicates the merits of, and disposes of, the matter before the court and leaves no judicial labor to be done." Cardillo v. Qualsure Ins. Corp., 974 So. 2d 1174, 1175–76 (Fla. 4th DCA 2008). In other words, "nothing further remains to be done to terminate the dispute between the parties." Bloomgarden v. Mandel, 154 So. 3d 451, 454 (Fla. 3d DCA 2014).

After examining the order and having the benefit of briefing from the parties, we determine that it is not final. The order grants, in part, the motion to dismiss. Yet it does not contain language of finality. "An order that merely grants a motion to dismiss is not a final order. This is true even if the order grants the motion 'with prejudice.'" GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500, 501 (Fla. 3d DCA 2015) (internal citation omitted). Instead, "[f]or an order to be final, it must constitute an entry of a dismissal of the case." Id. That is missing here.

Likewise, the order does not fully and finally determine rights between the parties. There is still judicial labor to be had. Indeed, the parties were

6

compelled to arbitration on Counts IV–VII, to the extent any claim does not fall within the prior decision of the Arbitration Tribunal. And once that arbitration concludes, the parties are to advise the court so it can lift the stay. The trial court added that it did not reach the other motions pending before it—meaning that those motions are still at issue when the stay is lifted.

That said, we do have jurisdiction to review part of the order. Under Florida Rule of Appellate Procedure 9.130, we can review non-final orders which "determine the entitlement of a party to arbitration." Fla. R. App. P. 9.130(a)(3)(I). But our review is limited to just that. See Art. V, § 4(b)(1), Fla. Const. ("District courts of appeal . . . may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court."); Travelers Ins. Co. v. Bruns, 443 So. 2d 959, 961 (Fla. 1984) ("The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders."); Diversicare Mgmt. Servs. Co. v. Est. of Catt ex rel. Cook, 267 So. 3d 560, 562–63 (Fla. 2d DCA 2019) (holding that Florida Rule of Appellate Procedure 9.130 does not permit interlocutory review of issues relating to collateral matters); A.G. Edwards & Sons, Inc. v. Wilson, 523 So. 2d 1150, 1151 (Fla. 2d DCA 1987) ("We interpret the rule to mean that a party is entitled to interlocutory review by this court of an issue of entitlement to arbitration. We

7

do not believe the rule permits an appeal where the issues relate to collateral matters, such as in this case.").

In sum, we only have jurisdiction to address the portion of the order concerning entitlement to arbitration. We lack jurisdiction to review any issues concerning dismissal or collateral estoppel, and therefore, dismiss that portion of the appeal. We do so without prejudice so that the Appellants may seek review upon rendition of a final order.

**III.**

Our review of an order compelling arbitration is de novo. <u>Factor Brokers, Inc. v. J&C Enters., Inc.</u>, 388 So. 3d 86, 88 (Fla. 3d DCA 2023).

**IV.**

Eco Green and Jugo Australes assert that Garcia and Retamero cannot compel arbitration of the Florida RICO claim since they are not signatories to the agreement. Based on the facts of this case, we disagree.

Arbitration agreements are contracts and so are based on mutual assent. <u>See</u> <u>Seifert v. U.S. Home Corp.</u>, 750 So. 2d 633, 636 (Fla. 1999) ("A natural corollary of this rule is that no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate."); <u>Marcus v. Fla. Bagels, LLC</u>, 112 So. 3d 631, 633 (Fla. 4th DCA 2013). For that reason, persons who do not sign the agreement generally cannot compel a signatory

8

to arbitration.  <u>Marcus</u>, 112 So. 3d at 633.  But there are several exceptions to this general rule.  <u>Koechli v. BIP Int'l, Inc.</u>, 870 So. 2d 940, 944 (Fla. 1st DCA 2004); <u>Armas v. Prudential Sec., Inc.</u>, 842 So. 2d 210, 211 (Fla. 3d DCA 2003).

One such exception is equitable estoppel.   "[C]ourts have been willing to estop a *signatory* from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.'" <u>Marcus</u>, 112 So. 3d at 633  (citation omitted).  <u>See also</u> <u>Greene v. Johnson</u>, 276 So. 3d 527, 531 (Fla. 3d DCA 2019); <u>BDO Seidman, LLP v. Bee</u>, 970 So. 2d 869, 875 (Fla. 4th DCA 2007) ("A party may not rely on a contract to establish his claims while avoiding his obligation under the contract to arbitrate such claims.").

In its amended complaint, Eco Green, and Jugo Australes alleged concerted conduct of Retamera and Garcia that is intertwined and "inherently inseparable" with the agreement.  <u>See</u> <u>Kolsky v. Jackson Square, LLC</u>, 28 So. 3d 965, 970 (Fla. 3d DCA 2010).  It alleged that Retamera and Garcia were part "principles, representatives, and managers" of Iberte and Acapital, involved in a "RICO criminal enterprise," "authorized the preparation of convoluted documentation that attempts to mask the loan aspects of the transaction by involving wine must purchase-and-sale elements," and

9

"participated in the enterprise by . . . facilitating the criminally usurious loans [through the Agreement] . . . engaging in numerous malicious and unlawful acts in an effort to extort money from Plaintiffs for payment on the criminally usurious loans . . . ."   As the trial court astutely observed: "Plaintiffs cannot argue that they have pled anything other than concerted activity by the two individuals with their companies who signed the operative Agreements. Therefore, Retamero and Garcia's alleged role as co-conspirators also favors enforcement of the arbitration clause as to their claims."

In the end, equitable estoppel applies.  Retamero and Garcia, while non-signatories, were entitled to compel arbitration of the Florida RICO claim in Count VII.  Accordingly, we affirm the trial court's order compelling arbitration.  We reject Eco Green's and Jugo Australes' other arguments. See Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998) ("[T]he trial court retains inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment . . . ."); Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

Affirmed in part; Dismissed in part.