[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14022
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-21791-UU

MILTON ESCOBAL,

Plaintiff-Appellant,

versus

CELEBRATION CRUISE OPERATOR, INC.,
CELEBRATION CRUISE LINE, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2012)

Before HULL, MARTIN, and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, Milton Escobal, appeals the district court's order compelling arbitration of his claims against Celebration Cruise Operator, Inc. and Celebration Cruise Line, LLC.  No reversible error has been shown.  We affirm.

Escobal, a Peruvian seaman, injured his back while working for  Celebration Cruise Operator aboard the vessel *Bahamas Celebration*.  His employment contract with Cruise Operator required that all disputes arising out of the contract be arbitrated in one of three foreign forums (in this case, the Bahamas).  The contract also included a litigation choice-of-forum provision designating a Bahamian court.

Still, Escobal sued Celebration Cruise Operator, Inc. and Celebration Cruise Line, LLC in a Florida state court.  He asserted a claim for Jones Act negligence against Cruise Operator.  He also asserted an unseaworthiness claim against both Defendants.  The Defendants removed the case to the Southern District of Florida and agreed to allow the application of U.S. law to Escobal's statutory claims.  The Defendants then moved to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.[1]  The district court granted that motion.  Escobal appeals.

We review an order compelling arbitration de novo.  *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citation omitted).

---

[1] The Convention is incorporated into the United States Code at 9 U.S.C. § 201.

Escobal raises four issues on appeal.  He first contends that the arbitration provision is ambiguous, and therefore must be construed as permissive rather than mandatory.  We disagree.  The litigation choice-of-forum provision cited by Escobal does not render the arbitration provision ambiguous.[2]  *See Bank Julius Baer & Co., Ltd. v. Waxfield Ltd.*, 424 F.3d 278, 283–85 (2d Cir. 2005); *Personal Sec. & Safety Sys. Inc. v. Motorola, Inc.*, 297 F.3d 388, 395–96 (5th Cir. 2002).

Escobal next contends that he cannot be compelled to arbitrate his claim against Celebration Cruise Line because it is not a signatory to the arbitration agreement.  Again, we disagree.  Escobal's claim against Cruise Line is inextricably intertwined with his claims against the contract signatory Celebration Cruise Operator.  Thus, the district court properly applied equitable estoppel in requiring Escobal to arbitrate his claim against Cruise Line.  *See MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947–48 (11th Cir. 1999), *abrogated on other grounds*, *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631, 129 S. Ct. 1896, 1902 (2009) (holding that state law governs whether an arbitration clause is enforceable against a non-signatory under the FAA).[3]

_____

[2] The arbitration provision clearly states that "any and all disputes arising out of or in connection with this agreement . . . shall be referred to and finally resolved by arbitration."  (Dkt. 1-3 at 3.)

[3] We need not decide whether federal substantive law or state law controls this issue in this case; *Carlisle* involved the FAA rather than the Convention.  *See Todd v. S.S. Mut. Underwriting*

3

Escobal next contends that if he must arbitrate, he must be allowed to do so in a forum where venue is proper under § 6 of the Federal Employer's Liability Act ("FELA"). We reject this contention as foreclosed by our precedent. Before 2008, the Jones Act contained a separate venue provision. In 2008, Congress deleted that provision entirely. This deletion might suggest that Congress wanted to change the law and make the venue provision in § 6 of the FELA applicable to Jones Act cases. *See Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 120 n.2 (2d Cir. 2010). We rejected this contention in *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1286–87 (11th Cir. 2011), and held that the 2008 amendment did not change the law. Thus, under our prior panel precedent rule, we must conclude that § 6 of the FELA does not apply to Jones Act claims. *See United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir. 1997) (citing *Fla. League of Prof'l Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996)).[4]

---

*Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 333–34 (5th Cir. 2010). But, Escobal does not contend that any state's law would render the arbitration agreement unenforceable against Cruise Line. And, under Florida law, we would reach the same result we reach here. *See Kolsky v. Jackson Square, LLC*, 28 So. 3d 965, 969 (Fla. Dist. Ct. App. 2010) (citing *MS Dealer*, 177 F.3d at 947); *Armas v. Prudential Sec., Inc.*, 842 So. 2d 210, 212 (Fla. Dist. Ct. App. 2003).

[4] Contrary to Escobal's contention (Appellant's Br. at 11), *Sea-Land Serv., Inc. v. Sellan*, 231 F.3d 848 (11th Cir. 2000) did not hold that § 5 of the FELA (which limits a common carrier's power to limit its employer liability) applies to Jones Act claims. And, in Lindo, we specifically held that § 5 of the FELA does not apply to Jones Act claims. 652 F.3d at 1286-87.

Finally, Escobal invites us to revisit *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) and *Lindo*, 652 F.3d 1257, arguing that these decisions conflict with *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S. Ct. 1731 (1970) (holding that a U.S.-based company was an employer under the Jones Act). We find no conflict between *Bautista* or *Lindo* and *Hellenic Lines*, and we cannot revisit *Bautista* and *Lindo* unless and until we are sitting *en banc.*[5]

AFFIRMED.

---

[5] Escobal also contends that *Bautista* and *Lindo* are distinguishable because those cases involved collective bargaining agreements and this case does not. Escobal did not present this argument in the district court so we decline to consider it. *See, e.g.*, *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360–61 (11th Cir.1984).