**B & B JEWELRY, INC., Plaintiff,**

v.

**PANDORA JEWELRY LLC,**
et al., Defendants.

Case No. 1:17–cv–20198–UU

United States District Court,
S.D. Florida.

Signed 03/23/2017

Amy Michelle Bowers, Daniel Keith Bandklayder, Daniel K. Bandklayder, P.A., Miami, FL, Brandon Jay Hechtman, Wicker, Smith, O'Hara, McCoy & Ford, P.A., Coral Gables, FL, for Plaintiff.

Alexandra Moylan, John E. McCann, Jr., Michael E. Blumenfeld, Miles & Stockbridge P.C., Baltimore, MD, Anthony Nolan Upshaw, Caroline Marie Iovino, Robert Michael Kline, McDermott Will & Emery, LLP, Miami, FL, for Defendants.

## ORDER

Ursula Ungaro, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand. D.E. 18.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised on the premises.

## BACKGROUND

On December 16, 2016, Plaintiff, B & B Jewelry, Inc. ("Plaintiff"), filed its Complaint against Defendants, Pandora Jewelry, LLC ("Pandora Americas") and Franck Saragossi ("Saragossi") (collectively, "Defendants"), in the Eleventh Judicial Circuit in and for Miami–Dade County, asserting thirteen claims under Florida law. D.E. 1–2. Plaintiff's claims arise out of its supplier and distributor relationship with Defendants. *Id.* ¶ 9. Throughout its Complaint, Plaintiff references two agreements: (1) a Master Distribution Agreement, dated August 1, 2012 (the "MDA"), and (2) a Master Franchise Agreement, dated August 1, 2012 (the "MFA") (collectively, the "Agreements"), which Defendants attach as exhibits to their Notice of Removal and rely upon as the basis for this Court's subject-matter jurisdiction. D.E. 1–3; 1–4.

The Agreements, which are both dated August 1, 2012, were entered into between Plaintiff and Pandora Holding A/S ("Pandora Denmark"), who is not a named De-

fendant to this case. The term of the Agreements is as follows, "The term of this agreement shall be for an initial term of three (3) years from the Commencement Date[1] unless sooner terminated in accordance with the provisions herein." D.E. 1–3 ¶ 18.1; D.E. 1–4 ¶ 22.1. The Agreements state:

> After the initial term of three (3) years, this agreement shall be extended for an additional two (2) years provided that agreement on extension has been reached between the Parties before the end of the second Contractual Year. Where any subsequent extension is requested, the Parties must have agreed on such extension before the end of the first Contractual Year of the extension period, i.e., before the end of year 4, 6, 8, 10, 12 and so on. <u>Agreements on extensions of this agreement, including any amendments or alterations hereto, shall be made in writing</u>.

D.E. 1–3 ¶ 18.2; D.E. 1–4 ¶ 22.2 (emphasis added). With respect to any extensions of the Agreements, the Agreements provide as follows:

> If agreement on extension of this agreement has not been reached in accordance with Clause 18.2 or if PANDORA decides not to extend the term, the agreement will automatically terminate upon expiry of the initial term, or the applicable subsequent agreed extension, i.e., at the end of year 3, 5, 7, 9, 11 and so on.

D.E. 1–3 ¶ 18.3; *see* D.E. 1–4 ¶ 22.3. Both of the Agreements contain the following arbitration provision:

> PANDORA shall have the right to enforce any dispute or claim arising out of or in connection with this agreement in accordance with the Rules of Arbitration Procedure of the Danish Institute of Arbitration. The venue of arbitration shall be Copenhagen. The language of the proceeding shall be English.

D.E. 1–3 § 28.2; D.E. 1–4 § 32.2.

On January 18, 2017, Defendants timely removed the case to the United States District Court for the Southern District of Florida. D.E. 1. In their Notice of Removal, Defendants allege that the subject matter of this action relates to an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"), and its implementing legislation under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201 *et seq.*

On February 2, 2017, Plaintiff filed its Motion to Remand. D.E. 18. In its Motion, Plaintiff argues that there is no valid arbitration agreement because the agreement upon which Defendants rely in their Notice of Removal expired on August 1, 2015. Plaintiff further argues that its claims are based upon and arise from entirely separate verbal agreements, which do not provide for international arbitration. Finally, Plaintiff argues that if this Court accepts the purported arbitration agreement as valid, it is void against public policy under Florida law.[2]

---

1. The term "Commencement Date" is defined as "the date specified in Schedule 2.1(a)." D.E. 1–3 ¶ 2.1; D.E. 1–4 ¶ 2.1. Schedule 2.1(a) provides, "The Commencement Date of this agreement is August 1st 2012." D.E. 1–3 at Schedule 2.1(a); D.E. 1–4 at Schedule 2.1(a).

2. Because the Court agrees with Plaintiff that there is no valid arbitration agreement in light of the fact that the terms of the agreement have expired, and Defendants are not parties to the agreement upon which they are relying, the Court finds it unnecessary to consider whether the arbitration agreement is void against public policy under Florida law.

## LEGAL STANDARD

A defendant may remove an action to a federal court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Removal statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Federal courts are courts of limited jurisdiction" and "any uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

## ANALYSIS

The Convention is a "multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states." *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1116 (11th Cir. 2009). The United States, as a signatory to the Convention, enforces the Convention through the FAA. *Ruiz v. Carnival Corp.*, 754 F.Supp.2d 1328, 1330 (S.D. Fla. 2010). The Eleventh Circuit Court of Appeals has stated, "[a] case covered by the Convention confers subject matter jurisdiction upon a district court because such a case is 'deemed to arise under the laws and treaties of the United States.'" *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citing 9 U.S.C. §§ 203, 205). "Where the subject matter of an action or proceeding pending in state court relates to an arbitration agreement or award falling under the Convention, the defendant [ ] may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States." 9 U.S.C. § 205.

A district court must enforce an agreement to arbitrate under the Convention where the following jurisdictional requirements are met:

(1) There is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration within the territory of a signatory of the convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Ruiz*, 754 F.Supp.2d at 1330 (citing *Bautista*, 396 F.3d at 1295 n.7).

For the Convention to apply, there must be a valid agreement in writing between the parties to arbitrate the dispute in question. *See Bautista v. Star Cruises*, 286 F.Supp.2d 1352, 1362 (S.D. Fla. 2003). The removing party "has the burden of proving ... the existence of an agreement in writing within the meaning of the Convention to arbitrate the dispute at issue." *Azevedo v. Carnival Corp.*, No. 08-20518-CIV, 2008 WL 2261195, at *5 (S.D. Fla. May 30, 2008). Pursuant to the Convention, each signatory must "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration." *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F.Supp.2d 1248, 1253 (S.D. Fla. 2009) (citing Convention art. II(1)). "The term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange

of letters or telegrams." *Id.* (citing Convention art. II(2)).

 The Court finds that this case should be remanded because Defendants failed to meet their burden in proving the first jurisdictional element, that is, a "valid agreement in writing within meaning of the Convention." It is undisputed that the Agreements[3] expired, by their own express terms, on August 1, 2015. The Agreements specifically provide that the terms, which include the arbitration provisions, can only be extended in writing. D.E. 1–3 ¶ 18.2; D.E. 1–4 ¶ 22.2. It is also undisputed that neither provision expressly provided for the survival of the arbitration clauses. In fact, there is no written agreement at all between Plaintiff and these named Defendants to arbitrate disputes in Denmark or elsewhere outside the United States. Lastly, as Plaintiff argues, Plaintiff's claims in this action are neither based on, nor do they arise from, the expired MDA or the MFA between Plaintiff and Pandora Denmark; rather, based on this Court's review of the Complaint, Plaintiff's claims are premised upon the separate verbal agreements and understandings entered into between Plaintiff and Defendant, Pandora Americas, and the breaches that occurred subsequent to the MDA and MFA's expiration.

"In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373

(11th Cir. 1998)). However, in removing this case to federal court and in responding to Plaintiff's Motion to Remand, Defendants failed to attach any evidence or affidavit. On the other hand, Plaintiff attached the Affidavit of Rafael Bild to its Motion to Remand. D.E. 18–3. Mr. Bild is a principal to B & B Jewelry, Inc., (D.E. 18–3 ¶ 2), who attests that upon the expiration of the 2012 Agreements, Plaintiff and Defendant, Pandora Americas, continued to do business pursuant to a new verbal agreement and related understandings. *Id.* ¶ 9. Thus, it cannot be said that at the time of removal, there was an arbitration agreement between Plaintiff and these named Defendants that constituted a "valid agreement in writing within the meaning of the Convention" such as to confer subject-matter jurisdiction on this Court.

Based on the affidavit submitted and the allegations in this case, Defendants have failed to meet their burden in establishing this Court has subject-matter jurisdiction. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (D.E. 18) is GRANTED. It is further

ORDERED AND ADJUDGED that this action is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. This case is CLOSED for administrative purposes. All pending motions are DENIED AS MOOT.

---

3. It is worth mentioning that Plaintiff entered into the Agreements with Pandora Denmark, not Defendant, Pandora Americas. Defendants argue that this Court may still enforce arbitration provisions of the Agreements against non-signatories under the doctrines of equitable estoppel, agency, and third-party beneficiary principles. However, under well-established Eleventh Circuit precedent, the claims against the non-signatories must be "inextricably intertwined" with the claims against the signatory. *See Escobal v. Celebration Cruise Operator, Inc.*, 482 Fed.Appx. 475, 476 (11th Cir. 2012). Aside from arguing in a conclusory manner that Plaintiff attempted to circumvent the arbitration provisions by purposefully suing different entities, Defendants failed to establish that such claims should be considered "inextricably intertwined."

DONE AND ORDERED in chambers at Miami, Florida this 23rd day of March, 2017.